## LA DOW vs. ARNOLD.

A complaint for rent, against the assignee of a lease by *deed poll*, which averred that on, &c., the estate of the lessee came to the defendant by an assignment under seal, and that the assignee afterward, on the day the term commenced, entered into the demised premises and became possessed thereof and continued so possessed from thence until, &c., was *held*, on demurrer, to be insufficient, because it did not aver that he entered *under* or by *virtue* of the lease or the assignment.

APPEAL from the Circuit Court for *Winnebago* County. Action against the assignee of a lease, for rent in arrear. The complaint set forth a copy of the lease, which was dated April 25th, 1859, and was signed and sealed by the lessor only, and was in substance as follows: "It is hereby agreed between *Peter La Dow* of the first part and James La Dow of the second part, as follows: The said *Peter La Dow*, in consideration of the rents and covenants herein specified, does hereby let to said James La Dow the following piece. of land [describing it], for the term of two years from the first day of August, 1859, on the terms and conditions hereinafter mentioned, provided, &c." [Here followed a clause of re-entry in case the rent should at any time remain unpaid for three days after it should become due, and a proviso that if the party of the second part should demise or assign the premises without the consent of the party of the first part, then the lease "on the part of the party of the first part" should determine and be void.] "And the said James La Dow does hereby hire the said premises and agrees to pay the said *Peter La Dow* the annual rent of ninety-five dollars in quarterly instalments, to be paid out of the market of the second party quarterly during the continuance of this lease." The complaint also alleged that on the 25th of April, 1859, "all the estate and interest of the said James La Dow in said term, by an assignment under seal then by him made, with the consent of the plaintiff, became vested in the defendant, who afterwards, on the 1st day of August, 1859, entered into the demised premises and became possessed thereof, and continued so possessed from thence until the 1st day of November, 1860," on which day the sum of $118 75 of said rent, for one year and three months ending that day, became due to the plaintiff from the defendant; which the defendant, though requested, had refused to pay, &c.

The circuit court sustained a demurrer to the complaint.

*N. L. Whittemore*, for appellant:

The making of the lease by the plaintiff, the assignment to the defendant, and his entering into the possession of the premises, show that the relation of landlord and tenant existed, and the defendant's subsequent occupation renders

June Term, 1861.<br><br>LA DOW<br>v.<br>ARNOLD.

June Term,
1861.

La Dow
v.
Arnold.

him liable to pay the rent reserved in the lease. The assignment created a privity of estate between the plaintiff and the defendant. 2 Greenl. Cruise, p. 118, sec. 34. The estate created by the lease was upon the condition of the payment of rent. 2 id., 729. Where the tenant accepts such a lease and assigns it, the assignee takes it subject to all its conditions. Taylor's L. and T., sec. 437.

*Freeman & Jackson*, for respondent, argued, among other things, that it did not appear from the complaint that the respondent entered into or became possessed of the demised premises by virtue of the assignment of the lease. *Turner vs. Richardson*, 7 East, 159.

December 11.    *By the Court*, PAINE, J.   We think the complaint in this case was substantially defective in not averring that the defendant took possession of and occupied the premises by virtue of the assignment. The plaintiff's counsel conceded that the right of action must be based upon the occupation of the premises under the instrument assigned. There certainly can be no doubt of that, inasmuch as this action is against the assignee, and the instrument itself was but a deed poll, without any covenants by the lessee. The complaint avers the assignment to the defendant and that he afterwards entered and occupied the premises. But it does not say that he entered under or by virtue of the assignment or of the deed poll. For aught that appears in the complaint he may have abandoned this instrument altogether, and have entered under a claim of title derived from some other source. If such was the case he would not be liable to the plaintiff for rent. Everything alleged in the complaint therefore being taken as literally true, it does not necessarily follow that the plaintiff has any cause of action against the defendant. And we suppose that wherever a complaint is sufficient, that must necessarily appear. It may be said that when an assignment is alleged, and it is then averred that the assignee afterwards entered into possession, it may be inferred that he entered by virtue of the assignment. But such an inference is not necessary; and if a material allegation can ever be sufficiently made by in-

ference, we think it can be so made only where it is the ne- <span class="margin-note">June Term, 1861.</span> cessary inference from the facts stated.

It is usual in such cases to aver that the assignee entered <span class="margin-note">Stilwell et al. v. Kellogg et al.</span> by virtue of the lease. *Turner vs. Richardson*, 7 East, 159. Such an averment would undoubtedly have been necessary under the old system of pleading, and we do not think the Code intended to dispense with the necessity of averring every fact essential to a complete cause of action.

The judgment is affirmed, with costs.