Schaetzel vs. The Germantown Farmers' Mutual Insurance Company.

46 Me., 160; *Johnston v. Jones*, 1 Black, 209, 222; *Ramsey and Jenkins v. Gloss*, 9 Gill, 56.

*By the Court.*—Judgment affirmed.

## Schaetzel vs. The Germantown Farmers' Mutual Insurance Company.

*Leave to file answer, after default: when reversed.—Pleading : Negatives pregnant.*

1. Where an answer shows a good defense, an order for leave to file it will not be reversed because the weight of evidence on the affidavits filed on the motion seems to this court to be against the facts relied on to excuse the default.
2. In an action on an insurance policy, a mere denial in the words of the complaint, that on a specified day the property was all destroyed by fire, is an admission that it was destroyed at some other time, or partly on that and partly on some other day.
3. A denial that an action had accrued to the plaintiff, does not raise a material issue.
4. Where the complaint alleges that proofs of the loss were filed on a specified day, a mere denial that the conditions of the policy were complied with in that respect "as stated in the complaint," is an admission that such proofs were filed on some other day within the time required.
5. After such admission, a denial of sufficient knowledge or information to form a belief as to the alleged loss, is insufficient.
6. Order for leave to file answer reversed (the answer being insufficient), without prejudice to defendant's right to apply again.

APPEAL from the Circuit Court for *Washington* County.

Action on a policy of insurance. After judgment against defendant by default, it obtained an order setting aside the judgment and granting leave to file an answer; and plaintiff appeals from the order. The character of the answer proposed will sufficiently appear from the opinion.

*Frisby & Weil,* for appellant, as to the insufficiency of the

proposed answer, cited *Baker v. Bailey*, 16 Barb., 54; *Salinger v. Lusk*, 7 How. Pr., 430; *Davison v. Powell*, 16 id., 467.

*Thorp, Shelley & Frisby, contra*, cited *Mussey v. Atlas Ins. Co.*, 4 Kern., 79; *McEwen v. Ins. Co.*, 5 Hill, 104; *Bigler v. Central Ins. Co.*, 22 N. Y., 402; *Carpenter v. Ins. Co.*, 16 Pet., 495

PAINE, J. If the answer which the defendant asked leave to file, set forth any defense or presented any material issue, we should not reverse the order allowing it be filed. For, whatever might be our conclusions upon the weight of the testimony presented by the affidavits, we could not say there was such an abuse of discretion as to justify reversing an order of this character.

· But the answer states no defense, and offers no material issue. The denials are all·liable to the objection that they are negatives pregnant. The complaint avers that on a particular day the property was all destroyed by fire. The answer denies this in the very words of the complaint. Such a denial is a negative pregnant with the admission that it may have been all destroyed on some other day; or that a part may have been destroyed on the day named. Such denials have been always held insufficient. *Baker and others v. Bailey*, 16 Barb., 54; *Salinger v. Lusk*, 7 How. Pr., 430; *Davison v. Powell*, 16 id., 467. Many other authorities to the same effect might be cited.

The denial that an action had accrued to the plaintiff, is a denial of a mere legal conclusion, and tenders no material issue. The denial of sufficient knowledge or information to form a belief as to the alleged loss by fire, is not sufficient after the answer has impliedly admitted that the proofs of loss were furnished as the policy required. This is impliedly admitted, because the denial is only that the conditions of the policy were complied with in that respect " as stated

in the complaint." The complaint alleges that the proofs of loss were filed with the secretary of the company on the 31st day of March, 1866. The denial is therefore only that they were filed on that day, which, in accordance with the rule above stated, is pregnant with the admission that they were filed on some other day, within the time required. Where, then, an answer must be taken to admit that the proofs of loss were furnished as the policy required, a denial of sufficient knowledge or information to form a belief as to loss, ought not to be held to put it in issue. It appears on the very face of the answer, in such case, that they had the information.

The policy contained a provision to the effect that it should cease in case the assured should make any other insurance on the property without the written consent of the company, endorsed on the policy " or otherwise acknowledged by them in writing." The answer attemps to set forth a violation of this provision by one of the former owners of the property and policy. But it is clearly defective in substance. It alleges that such other insurance was effected " without the written consent of the said *Germantown Farmers' Mutual Insurance Company*, the defendant herein, endorsed upon the said policy of insurance, in said complaint set forth, or otherwise acknowledged by the said last mentioned company, in writing *on said policy of insurance.*" It is obvious from the provision of the policy, that the consent would be perfectly good, if made in writing, whether on the policy or any other separate paper. Yet the answer only avers a failure to give consent in writing on the policy. This is also a negative pregnant with the admission that the consent may have been given in writing on a separate paper, and fails to show any forfeiture.

The suggestion of counsel that the words " on said policy of insurance " could be rejected as surplusage, is wholly

inadmissible. Those words limit and qualify the allegation in the most material manner. To reject them enlarges its meaning, and makes it say what now it does not say. The court cannot take such liberties with the deliberate statements in pleadings.

For these reasons, the order appealed from must be reversed. But as it is possible that the defendant may amend the answer consistently with the facts, it will be reversed without prejudice to a new application, if the party should desire to make one.

*By the Court.*—Ordered accordingly.