# CASES

## ARGUED AT THE JANUARY TERM, 1874,

### AND

## DECIDED AT THE JUNE TERM, 1874.

---

McLANE VS. BOVEE and another.

35 27
d105 611

EVIDENCE. (1, 2) *Authenticated copies of records of U. S. land office.*
EJECTMENT. (3 – 6) *Issue under general denial in ejectment. How defendant may avail himself of facts occurring after commencement of action, by which he has acquired and plaintiff lost the title.* (7) *Holder of certificate of entry of land may maintain ejectment.* (8, 9) *His title a determinable fee. Effect of canceling the certificate.* (10) *Case stated. Defendant in ejectment not barred by former judgment against him.*

1. Congress may prescribe the manner in which *copies of the records* of any department of the federal government may be *authenticated.*

2. A certificate of the commissioner of the general land office, signed by him and sealed with his official seal, attached to what purported to be copies of certain records of said office, and stating that "the annexed copies are true and literal exemplifications from the records and files of this office," *held* to be sufficient to render such copies *admissible in evidence* in the courts of this state. Laws of U. S., 1812, ch. 68 (2 U. S. Stats. at Large, p. 716).

3. Under our practice, plaintiff in ejectment is only required to show that the title and right of possession was in him *at the commencement of the action.* A general denial, therefore, puts in issue, and the judgment determines, the title and right of possession only with reference to that time.

4. Under a *general denial in ejectment*, defendant cannot introduce evidence of facts which have occurred since the commencement of the action, by virtue of which plaintiff has lost and defendant has acquired title to the land.

5. In such a case the court may, at its discretion, grant leave to defendant, on his application therefor, to set up such facts by supplemental answer. Tay. Stats., 1447, § 45.

6. If leave for that purpose is not asked or granted, the *judgment* for plaintiff does not *bar a subsequent action* by the defendant to assert the title so acquired by him after the commencement of the former action.

7. The person named in a certificate of entry of land at a U. S. land office, or his assignee or grantee, has "a valid subsisting interest" in the land, to which the right of possession is incident, and *may maintain ejectment* therefor.

8. But the estate thus created is at most a *determinable fee*, liable, under the laws of the United States, to be terminated by the act of the commissioner of the general land office canceling the certificate for cause at any time before the issue of a patent.

9. Where a certificate is thus canceled, the title revests in the United States, which may allow the land to be entered by, and a patent to be issued to, another person.

10. X., the grantee of M., who had entered land and obtained a certificate of such entry, brought ejectment for the land against Y., who answered only by a general denial. During the pendency of the action, the commissioner of the general land office, for cause, canceled the certificate of entry issued to M., and Y. was permitted by act of congress to purchase and enter the land, and did so, and received a certificate of such entry. On trial of the action of ejectment under the original pleadings, the court refused to receive Y.'s certificate in evidence, and X. had a verdict and judgment that he was seized of an estate in fee of the land and had the right of possession. Afterwards the land was patented to Y., and he brought ejectment against X. therefor. *Held*, that the *action was not barred* by the former judgment.

APPEAL from the Circuit Court for *Calumet* County.

This action was commenced May 15, 1871, to recover lot 124 of the Stockbridge Reservation in the county of Calumet. The complaint is in the usual form. The answer consists of, first, a general denial; and secondly, allegations to the effect that at the June term, 1868, of the circuit court for Calumet county, in an action wherein *Frederick Bovee*, one of the defendants herein, was plaintiff, and the plaintiff herein, *Thomas McLane*, was defendant, the said *Frederick Bovee* re-

covered against *McLane* a judgment for said lands, which judgment was for an estate therein in fee.   The defendants insisted upon such judgment as a bar to this action.   The answer contained other averments, and there was a reply ; but it is unnecessary to set out the pleadings more fully.

The material facts are the following : One Henry Moon obtained a certificate of entry of the land in question, at the Menasha land office, on the 1st day of September, 1865, and on the same day executed a conveyance of the land to the defendant *Frederick Bovee.*   This certificate was applied for and issued under section 3 of an act of congress approved March 3, 1865 ; which act authorized the commissioner of the general land office to sell certain lands (including the land in controversy) to actual settlers thereon.   Afterwards the plaintiff applied to the land office to enter the same land, claiming the right to do so under section 3 of the act of March 3, 1865 ; and on his application the entry of Moon was suspended by the commissioner of the general land office.

While matters were in this position, and on the 4th of September, 1866, *Frederick Bovee* brought the action to recover the land, against the plaintiff, mentioned in the answer of the defendants in this action.   It seems that the plaintiff *McLane* was then in possession of all of lot 124, except about five acres. To the complaint in that action, this plaintiff answered a general denial.   The complaint alleged that *Frederick Bovee* was the owner of the land in fee.   A trial of the action at the June term, 1867, of the circuit court for Calumet county, resulted in a verdict and judgment for the plaintiff, *Frederick Bovee.*   On the first of January, 1868, the judgment was vacated and a new trial ordered, pursuant to the statute.   Before the action was again tried, and on the 7th of February, 1868, the commissioner canceled the certificate of entry issued to Moon, for the reason that he did not reside upon the land at the date of his entry thereof.   The commissioner denied the application of *McLane* to enter the land, for the same reason ; and his action

in that behalf was, on appeal, affirmed by the Secretary of the Interior.

Thereupon congress passed an act, approved June 11, 1868, which, after the enacting clause, is as follows: "That *Thomas McLane* be, and he is hereby, authorized to enter and purchase so much of lot number 124 as has not been disposed of, in the Stockbridge reservation in the county of Calumet, and state of Wisconsin, used and occupied by him, at the prices stipulated in the third section of the act of third March, 1865, providing for the disposal of said reservation, and receive a patent therefor; the said *McLane* having cultivated and occupied the same for a long series of years." Pr. Laws, 2d Sess., 40th Congress, ch. 57 (p. 9).

Pursuant to the above law, the plaintiff paid the required purchase money at the Menasha land office June 15, 1868, for all of said lot which he was authorized by the law to purchase, being the whole thereof except about five acres, and received therefor a certificate or voucher, which is called, in the patent afterwards issued thereon, "a special certificate," but which was probably in the usual form of a duplicate or certificate of entry.

The original action was retried June 18, 1868, on the same pleadings; and on such trial *McLane* offered in evidence his certificate of entry dated June 15, 1868, but the same was rejected by the court. The verdict was for the plaintiff, *Frederick Bovee*, and found that he was seized of an estate in fee in the lands, and was entitled to the possession thereof, which *McLane* wrongfully withheld from him, etc. ; and judgment pursuant to the verdict was entered July 18, 1868. An appeal was taken to this court, and the judgment was affirmed. *Bovee v. McLane*, 24 Wis., 225. It should be observed, however, that certain questions concerning the admissibility of testimony were the only questions considered on such appeal.

A patent, bearing date May 20, 1870, was afterwards issued by the United States to the present plaintiff, for the land in controversy.

This action was tried at the December term, 1872, of said circuit court, and the foregoing facts were proved on such trial. It also appeared that the defendants were in possession of the land under the title of *Frederick Bovee* established by the judgment in the first action.

Some of the material facts above stated were proved by certified copies of records of the general land office at Washington. Objection to these was interposed on behalf of the defendants, on the ground that they were not properly authenticated; but the objection was overruled. The certificate of exemplification is as follows:

> " DEPARTMENT OF THE INTERIOR,
> *General Land Office,*
> March 13th, 1872.

I, Willis Drummond, Commissioner of the General Land Office, do hereby certify that the annexed copies are true and literal exemplifications from the records and files of this office.

In testimony whereof I have hereunto subscribed my name and caused the seal of this office to be affixed, at the city of Washington on the day and year above written.

[L. S.]                               WILLIS DRUMMOND,
> *Commissioner of General Land Office.*"

The action was tried by the court (a jury having been duly waived), and its findings of fact and law, afterwards filed, are all for the plaintiff. The court found expressly that the former judgment is no bar to a recovery in this action, by the plaintiff.

Judgment was entered for the plaintiff pursuant to such findings; and the defendants appealed.

*Ed. S. Bragg,* for appellant, contended that the judgment rendered in the former action brought by *Frederick Bovee* against *McLane* was conclusive, not only upon all questions decided in that action, but also *upon all grounds of recovery or defense which might have been but were not presented. Henderson v.*

*Henderson*, 3 Hare, 115 ; *Danaher v. Prentiss*, 22 Wis., 311 ; *Beloit v. Morgan*, 7 Wall., 622 ; *Sheets v. Selden*, id., 416 ; R. S., ch. 141, secs. 7, 19 ; Freeman on Judgments, sec. 360, and cases cited in note 2.   2. All the facts on which plaintiff now relies existed and were known to him at the time of that trial, and he did not avail himself of them.   He has therefore no case upon which even a court of equity would grant him relief.   Freeman on Judgments, sec. 506 ; *Raburn v. Shortridge*, 2 Blackf., 480.   It has been held that in an action on a judgment, upon a plea of *nul tiel record*, if the plaintiff fails for want of a proper certificate, he is estopped from afterwards asserting the judgment, though its validity was free from doubt.   *Foltz v. Prouse*, 15 Ill., 434.   See also *Stafford v. Clark*, 1 C. & P., 403 ; *Morgan v. Plumb*, 9 Wend., 287 ; *People v. Smith*, 51ᐧ Barb., 360 ; *Davis v. Ruggles*, 2 Chand., 152.   3. The fact that a *patent* has been issued to plaintiff since the former action does not alter the case.   The purchase of the land under the act of congress of 1868, gave him whatever right he has to the land.   The patent relates back to the date of the purchase, and is only evidence of the title then acquired.   But under the statutes of this state the certificate of sale, which plaintiff held at the time of the former trial, was also evidence of the title (if any) which he acquired by such purchase.   R. S., ch. 137, sec. 103.   Courts grant relief against patents as well as against certificates.   *Lindsey v. Hawes*, 2 Black, 554 ; *Stark v. Starrs*, 6 Wall., 402–415 ; *Silver v. Ladd*, 7 id., 228.   4. There is no proper proof of the cancellation of Moon's certificate of sale.   The certificate appended to certain copies of letters and papers is not evidence under the statute ; nor has there been any reference to a law of congress making them evidence.   *Bovee v. McLane*, 24 Wis., 225.

*Eldredge, Thorp & Hurly*, for respondent, argued, among other things, that until a *patent* of government land issues, the fee is in the United States (2 Bouv. Inst., 425; *Bagwell v. Broderick*, 13 Pet., 436) ; that during the former litigation,

therefore, neither party had legal title to the land; that the only question litigated in the former action was as to the rights of the respective parties under the act of congress of 1865; that the case is not affected by the fact that the jury in that action found that *Bovee* had a title "in fee;" that "the title established in such action," as to which the judgment is conclusive (R. S., ch. 141, sec. 19), is not to be determined from the name given it by the jury; that those words mean the title actually litigated and adjudicated; that the grounds upon which the former judgment proceeded may be shown by *parol proof*, where, from the form of the issue, they are not shown by the record itself, provided the matters alleged to have been passed upon are such as might legitimately have been given in evidence under the issue joined (Tyler on Ejectment, 632; *Briggs v. Wells*, 12 Barb., 368; SUTHERLAND, J., in *Bunt v. Sternburg*, 4 Cow., 536; *Wood v. Jackson*, 8 Wend., 10, 45); and that, as the title acquired by plaintiff by patent from the United States was not litigated in the former action, plaintiff is not estopped by the former judgment from setting up that title in the present action. *Lain v. Shepardson*, 23 Wis., 224; *Woodbridge v. Banning*, 14 Ohio, 328.

The following opinion was filed at the January term, 1874:

LYON, J. The exemplifications of the records of the general land office, which were admitted as evidence, are sufficient under the act of congress on that subject, which provides that such copies, under the signature of the commissioner and the seal of such office, "shall be competent evidence in all cases in which the original records, books or papers could be evidence." Laws of 1812, ch. 68 (2 U. S. Stats. at Large, 716). The authority of congress to prescribe the manner in which government records shall be exemplified or authenticated, will not be doubted. We think the copies were properly received in evidence.

The more important question to be determined relates to the

effect of the former verdict and judgment upon the rights of the parties in the present action. In that action the title in fee to the land in controversy was adjudged to be in the defendant *Frederick Bovee*. This is conclusive as against the present plaintiff. R. S., ch. 141, sec. 19 (Tay. Stats., 1469). It has, therefore, become a verity in this case, that at some time before that judgment was rendered, *Frederick Bovee* was seized in fee of such land.

The plaintiff claims that the title which he seeks to establish in this action is an after-acquired title, which he is not estopped by the former judgment to assert. To determine whether his title is unaffected thereby, it becomes necessary to ascertain the extent of the operation of such judgment.

At the common law the plaintiff in an action of ejectment could only recover on proof of title and right of possession in his lessor at the date of the fictitious demise laid in the declaration. But under our system of practice the fiction of a demise is abolished, and it is now sufficient for the plaintiff in ejectment to show title and right of possession at the time he commenced his action. But he must show that he had such right at that time, or he cannot recover. Hence the general denial only puts in issue the plaintiff's title and right when the action was commenced, and not at a subsequent time. Such being the issue, it necessarily follows that the judgment is only conclusive of the title of the plaintiff and his right of possession at that time. *Yount v. Howell*, 14 Cal., 465 ; *Owen v. Fowler*, 24 id., 192 ; *Hestres v. Brennan*, 37 id., 385. Under the pleadings it would have been error to permit the defendant in the former action, *McLane*, to give evidence of an after-acquired title ; and the court properly rejected the certificate of entry of 1868, offered by him. It was incumbent on him to procure leave of court therefor, and to file a supplemental answer, alleging the cancellation of Moon's certificate of entry, and the issuing of another to himself pursuant to the act of 1868, before such evidence could be properly admitted. Tyler

on Ejectment, 468–71, and cases cited; *McMinn v. O'Connor*, 27 Cal., 238; *Moss v. Shear*, 30 id., 467; *Reily v. Lancaster*, 39 id., 354.

But, while the court had the power, upon the application of the defendant in the former action, to permit him to interpose such supplemental answer and thus bring into the case for adjudication his title acquired *pendente lite*, and while, had he done so, the judgment thereupon would have been conclusive against the parties to that action and those in privity with them, yet we know of no rule of law which requires or authorizes us to hold that, notwithstanding such after-acquired title was not set up or adjudicated in the action, still the present plaintiff is estopped by that judgment to assert such title here.

Had he made application for leave to set up such title as a defense, by supplemental answer, it was within the sound discretion of the court to grant leave, with or without terms, or to refuse it. Tay. Stats., 1447, § 45. It seems to us that nothing short of an absolute and unconditional right to interpose such defense, *puis darrein continuance*, should be held to estop the plaintiff from asserting it in this action for the first time.

In the light of the above principles the determination of the case is not difficult. At the time *Frederick Bovee* commenced his action against *McLane* in 1866, he (*Bovee*) owned the title to the land in controversy which Moon took by virtue of his purchase and certificate of entry. The jury denominated this a title in fee, but of course it was not a fee simple absolute. Some title or interest remained in the United States. Our statute (Tay. Stats., 1614, § 142) makes such certificates *prima facie* evidence of title, but does not specify the kind or character of title evidenced thereby. The payment for the land and the certificate of entry doubtless conferred upon Moon, and his assignee or grantee, "a valid subsisting interest" in the land, to which the right of possession was incident; and this was sufficient to enable such grantee to maintain ejectment. R. S., ch. 141, sec. 2.

The most that can be successfully claimed for the present defendants, under the judgment in the former action, is, that when such action was instituted, *Frederick Bovee* was seized of an estate in fee in the lands in question, belonging to a class which Professor Washburn denominates *determinable fees*, and which he defines to be "fees which are liable to be determined by some act or event expressed on their limitation to circumscribe their continuance, or inferred by law as bounding their extent." 1 Washb. on Real Property, 62.

That the commissioner of the general land office had authority to cancel the certificate to Moon, for cause, at any time before a patent issued, cannot be doubted. Such powers have been constantly exercised by the land officers of the government, and the exercise thereof sustained by the courts, ever since our land system was established. We here find the limitation on the fee, or its determinable quality inferred by law, mentioned in the above definition. In *Trulock v. Taylor*, 26 Ark., 54, such titles are termed "inchoate legal titles."

The title of *Frederick Bovee*, which was established by the former judgment, was legally determined by the cancellation of Moon's certificate of entry after the former action was commenced; and the whole title became thereby vested in the United States. The patent to *McLane*, the present plaintiff, conveyed that title to him, and, as we have seen, he may assert it in this action.

The judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.

The appellant moved for a rehearing, but the motion was denied at the June term, 1874.