## HAIGHT vs. CLIFFORD.

*Complaint in Ejectment.*

The complaint in ejectment herein alleges that A. is the owner in fee simple of the land described; that in 1874, A. let the premises to B. for five years; that subsequently B. assigned the lease to C., who entered into possession; that C. afterwards assigned the lease to plaintiff; and that plaintiff is entitled to the possession, which defendant unlawfully withholds. *Held* bad, on demurrer, because, while it needlessly pleads plaintiff's paper title, it does not plead the *estate claimed*, as the statute requires. R. S., ch. 141, sec. 4.

APPEAL from the Circuit Court for *Portage* County.

Ejectment. The complaint alleges that one Weston is the owner in fee simple of the land, describing it; that on the 5th of March, 1874, Weston let the premises to one Owens, for five years from April 1, 1874, with privilege of five years more; that on the 15th of April, 1875, Owens duly assigned said lease to the Portage Lumber Company, who entered into possession of the premises and erected thereon a steam shingle-mill; that on the 1st of May, 1876, said Portage Lumber Company duly assigned said lease to the plaintiff; that plaintiff is entitled to the possession of the premises; and that defendant unlawfully withholds the possession thereof from him, to his damage $1000; wherefore plaintiff demands judgment for the possession, and for $1000 damages, etc.

A demurrer to the complaint as not stating facts sufficient to constitute a cause of action, was sustained; and plaintiff appealed from the order.

The cause was submitted on the brief of *James Freeman* and *D. Lloyd Jones* for the appellant, and that of *Barnes & Cavanagh* for the respondent.

For the appellant it was argued, that the complaint avers *facts* showing that plaintiff has an estate for years in the premises; and that this, with the averment that he is entitled to the possession, is sufficient, under the liberal rule of the code.

R. S., ch. 125, sec. 20; 16 Wis., 504; 18 id., 316; 25 id., 613; 36 id., 631. If it be claimed that the assignment of the lease was as a security, and the transaction a mortgage, that is matter of defense. Tay. Stats., 1671, § 28; 16 Wis., 574.

The respondent's counsel cited R. S., ch. 141, sec. 4 (Tay. Stats., 1666, § 5); *Barclay v. Yeomans,* 27 Wis., 682. The statute requires the plaintiff to allege an actual interest in the land, and to set out the nature of that interest. Setting up a lease does not set up a leasehold interest; nor would setting up a warranty deed be setting up a fee simple interest. The former are merely evidence of the latter; and it is not sufficient to plead the evidence of a fact. Bouv. Law Dic., "Lease;" 16 Wis., 307. If the lease had been assigned as a security for money, the complaint would be strictly true, but plaintiff would have no interest in the land. *Murray v. Walker,* 31 N. Y., 399. Again, the delivery or assignment of a lease for years does not vest any estate until entry made by the lessee or assignee. 1 Washb. R. P. (3d ed.), 389, 390. If it were otherwise, still the averment that on the 1st of May, 1876, the lease was assigned to plaintiff, would not, in the face of the direct requirement of the statute, raise the presumption that plaintiff had an estate when the suit was commenced. *Shaffer v. Whelpley,* 37 Wis., 334; 35 id., 34; *La Dow v. Arnold,* 14 id., 458. The averment that plaintiff is entitled to the possession is a mere conclusion of law.

RYAN, C. J. The demurrer was properly sustained. The complaint is industriously bad. It pleads the appellant's paper title, always unnecessary and generally improper under the statute; and after all fails to plead the estate claimed, which the statute expressly requires. *La Dow v. Arnold,* 14 Wis., 458. The complaint should have followed the statute. *Platto v. Jante,* 35 Wis., 629.

It pleads evidence, not right. Pleading evidence of the right claimed might be regarded as surplusage, and would

not vitiate the complaint. *Lawe v. Hyde*, 39 Wis., 345. But failure to plead the right itself is fatal.

*By the Court.* — The order of the court below is affirmed.