ARGARD, Appellant, vs. PARKER, Respondent.

*February 25 — March 22, 1892.*

*Promissory notes: Limitation of actions: Pleading: Negative pregnant.*

In an action upon a promissory note, commenced more than six years after its maturity, the complaint alleged a partial payment "on the 17th day of April, 1882," which was within six years before the commencement of the action. The answer alleged that the cause of action did not accrue within six years, and denied the making of "any payment on April 17, 1882." *Held,* that this was not a sufficient plea of the statute of limitations. The denial of a payment on April 17, 1882, is a negative pregnant with an admission of a payment on some other day within six years prior to the commencement of the action.

APPEAL from the Circuit Court for *Eau Claire* County. The action is upon a promissory note dated April 18, 1876, due ninety days after date. The complaint alleges that no part of the note has been paid, except three dollars paid on the 17th day of April, 1882. The answer sets up (1) payment, and (2) that the cause of action did not accrue within six years before the commencement of this action, "and he denies making any payment on April 17, 1882." Upon the trial the plaintiff objected to the sufficiency of the plea of the statute of limitations as contained in the answer, and claimed that the defendant had the burden of proof. The objection was overruled, and the burden of proof held to be on the plaintiff, and plaintiff excepted. The defendant then asked leave to amend by adding to the second defense the words, "or at any other time within six years prior to the commencement of this action," which leave was refused. The trial then proceeded before a jury, and upon defendant's request three questions were submitted to the jury in addition to the general verdict.

The special and general verdict, as returned by the jury, was as follows: "*First.* Has the note been paid in full?

Answer. No. *Second.* Was any payment made on the note by the defendant, *Parker,* within six years immediately preceding the commencement of this action? A. Yes. *Third.* If you say 'Yes' to question number two, then did such payment consist in the bill against Anderson of three dollars ($3.00), taken by the plaintiff and charged up to Anderson, and was it so made at the time of the date of the indorsement? A. Yes. We, the jury in this action, find for plaintiff, and assess his damages at two hundred and eighteen and fifty-eight hundredths dollars ($218.58)." Upon motion the circuit court rendered judgment *non obstante veredicto* in favor of defendant, from which judgment plaintiff appealed.

*James Wickham,* for the appellant.

For the respondent the cause was submitted on the brief of *L. A. Doolittle.*

WINSLOW, J. The plea of the statute of limitations was legally insufficient, and the objection to it should have been sustained. Conceding, as claimed by defendant, that the allegation in the complaint of part payment on the 17th of April, 1882, was not strictly essential to the cause of action, still that allegation remained, and now remains, a positive averment of fact in the complaint to which the defendant chose to answer, and if by his answer he has admitted an essential fact in the case he can hardly now avoid his admission by the claim that the original allegation was not strictly necessary.

By well-established rules of pleading, the denial of making any payment on April 17, 1882, is a negative pregnant. It is pregnant with the admission that he did make a payment on some other day within six years prior to the commencement of the action. *Schaetzel v. Germantown F. M. Ins. Co.* 22 Wis. 412. The exact time is not material. The defendant then alleges that the cause of action did not .

England and another vs. The Westchester Fire Ins. Co. of New York.

accrue within six years, but admits that he made a payment on the note within that time, but not on the 17th day of April, 1882. This is certainly not a good plea of the statute of limitations. The only defense properly pleaded was the defense of payment. This issue has been settled by the special verdict against the defendant. No new trial is necessary.

*By the Court.*— Judgment of the circuit court reversed, and cause remanded with directions to render judgment for plaintiff upon the verdict.