MILWAUKEE TRUST COMPANY, Respondent, vs. CITY OF MIL-
WAUKEE, Appellant.

*April 11—May 2, 1911.*

*Municipal corporations: Milwaukee charter: Street improvements:*
*Change of grade: Special assessments: Appeal: Sufficiency of*
*notice: Framing issues: Discretion: Liability for damages: Un-*
*authorized acts: Appeal: Reversal: When new trial ordered.*

1. A notice of appeal under the Milwaukee city charter from an as-
sessment of benefits and damages from the improvement of a
street, if otherwise regular, is sufficient notwithstanding it re-
fers to the sum awarded to appellant as "benefits" instead of
damages, and charges generally that all the proceedings are
void.

2. Although upon such an appeal it promotes the orderly and in-
telligent conduct of the proceedings in court to have formal is-
sues framed before proceeding with the trial, yet the court has
a wide discretion in respect to such matters, and its refusal to
order issues to be framed will not work a reversal where all
the evidence offered upon material questions was admitted.

3. Under sec. 8, ch. VII, of the Milwaukee city charter, the city is
liable in all cases for the damages caused to abutting lotown-
ers by the alteration of street grades, and not in those cases
only where the city seeks to charge the lotowners with benefits.

4. Upon an appeal from the assessment of benefits and damages, the
inquiry is limited to the subjects on which the city authorities
acted, that is, the benefits and damages incident to the making
of the *authorized* improvement and alteration of the street
grade, and recovery cannot be had thereon for damages caused
by an unlawful raising of the street above the grade as fixed
by such authorized alteration.

5. Damages having been allowed in this case by the circuit court
for the unlawful raising of the street, and the supreme court
being unable to separate them from the damages caused by the
authorized improvement, the judgment cannot be modified and
affirmed, but the case must be remanded for a new trial.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-
versed.*

The plaintiff as trustee of the estate of Alonzo L. Kane is

the owner of part of lot eleven (11) and all of lot twelve (12) in block 220 of A. L. Kane's subdivision in the Eighteenth ward of the city of *Milwaukee.*    These lots abut on Oakland avenue, of which the grade was established by an ordinance of the city council on February 13, 1888.

On August 8, 1904, the common council adopted a resolution declaring that it was "necessary for the public interest to grade and macadamize the roadway, pave the gutters and to grade and plank the sidewalks *to the newly established grade*" of that part of Oakland avenue on which the plaintiff's lots abut.    The resolution states that it was necessary to cause this work to be done without a petition of the owners of the property fronting upon the street, because the property owners had negligently failed to put the street in a safe and suitable condition for public use to the newly established grade, and had failed to petition for its improvement.    The resolution directs that the work be done by the board of public works of the city at the cost and expense of the general city fund.

On August 26, 1904, the board of public works assessed the benefits and damages to the parcels of property affected by the improvement of the street, and found by this assessment that the plaintiff's lots were not benefited by the improvement and were damaged $200 thereby, and that the excess of damages over benefits amounted to this sum.    On September 6, 1904, the common council confirmed the assessment made by the board of public works, and on January 23, 1905, adopted a resolution authorizing the issuance of a city order for $200 to the plaintiff for the damages.

On September 26, 1904, the plaintiff gave notice to the city officials that the plaintiff appealed to the circuit court from the assessment and confirmation thereof, on the ground that the assessment was inequitable and unjust for the reason that the damages, costs, and charges arising from the alteration of the grade of the street had not been allowed, and because the amount allowed as benefits (damages) was excessive and un-

just, and because all of the proceedings of the assessment and confirmation were illegal and void.

Upon the trial on the appeal evidence was admitted as to the amount of dirt necessary to fill the lots to the established street grade, of the cost of raising the two houses on the premises, including the plumbing and carpenter work, a total of $766.44. There was evidence that the houses could not be rented after the street had been improved until the buildings were raised, and there was opinion evidence that the damages to the lots because of the improvement of the street amounted to $200 per lot. It appeared from evidence before the court that in making the improvement the filling was in excess of the newly established grade by 1.8 feet in front of lot eleven (11) and by 2.3 feet in front of lot twelve (12). This excess of filling was included in fixing the damages allowed by the court.

The court directed a verdict for the plaintiff, and judgment was rendered on the verdict for $1,166.44 damages and costs. This is an appeal from the judgment.

For the appellant there was a brief by *Daniel W. Hoan*, city attorney, and *Clifton Williams*, special assistant city attorney, and oral argument by *Mr. Williams*. They contended, *inter alia*, that the validity of the assessment cannot be questioned on this appeal. *Watkins v. Milwaukee*, 52 Wis. 98; *State ex rel. Flint v. Fond du Lac*, 42 Wis. 287. It was error to admit evidence of damage from filling the street above the established grade. *Smith v. Eau Claire*, 78 Wis. 457; *Dore v. Milwaukee*, 42 Wis. 108; *Drummond v. Eau Claire*, 85 Wis. 556; *Johnson v. Filkington*, 39 Wis. 62; *State ex rel. Flint v. Fond du Lac, supra.*

For the respondent there was a brief by *Flanders, Bottum, Fawsett & Bottum*, and oral argument by *Charles E. Monroe*.

SIEBECKER, J. The plaintiff appealed, in a proceeding under the provisions of ch. VII of the *Milwaukee* city char-

ter for relief against an unjust allowance of damages caused to the property owned by it as trustee.

Sec. 8 of ch. VII of the city charter provides that the owners of lands which may be affected or injured in consequence of the alteration of the grade of a street theretofore graded to a former established grade shall be entitled to compensation therefor. This section also provides that such damages and the costs and charges involved in improving the street, as provided by sec. 7, and changing the grade of any street shall be taken into consideration and be allowed in assessing the benefits and damages on account of such street improvements, and if such damages exceed the benefits found by the board of public works the excess shall be paid out of ward funds, unless the owner had waived the same. Sec. 11 of this chapter of the charter provides for an appeal to the circuit court for Milwaukee county from such an assessment as confirmed by the common council within twenty days after such confirmation.

It is urged that the notice of appeal in this case is wholly insufficient and defective. The notice sets forth appellant's ownership of the property, that it feels aggrieved by the assessment of benefits and damages made by the city on account of such improvement of Oakland avenue abutting on its property, that it appeals from such assessment to the circuit court, and that the grounds for taking such appeal are that such assessment of benefits and damages is inequitable and unjust, in that no damages, costs, and charges arising from the change of grade incident to the making of the improvement have been allowed. The notice is irregular in referring to the item of $200 as benefits instead of damages and in charging generally that all of the proceedings are void. These defects are plainly clerical errors which in no way prejudiced or misled the city in the matter. We are of the opinion that the notice served is sufficient under the charter provisions and must be held a compliance therewith.

It is alleged that the court erred in refusing to order formal issues to be framed before proceeding with the trial. Why this request was denied is not readily perceived. To have the issues plainly and clearly presented by formal pleadings obviously promotes the orderly and intelligent conduct of the proceedings in court. It appears, however, that the trial court admitted the evidence offered upon the material questions. Under these circumstances, because of the wide discretion of the trial court in the control of such proceedings, we cannot hold the refusal to be reversible error.

The city avers that the plaintiff as an abutting lotowner is not entitled to damages occasioned by the change of grade because in making the improvement the city is not attempting to assess plaintiff for any benefit resulting to its lots from the improvement. This contention is upon the theory that under sec. 8 of ch. VII of the city charter no damages caused to abutting property owners by a change of the grade of a street can be recovered unless it appears that the city is seeking to charge such abutting lotowner with the benefits to such lots, and that in no case are damages to be allowed in excess of the benefits assessed. This contention is against the plain meaning of the provisions of this section. The language of this section is general in terms and embraces all cases where injury results to the abutting property from an alteration of the grade of a street already conformed to an established grade. We find nothing in the context of the section which limits the general character of this provision and must therefore give the phraseology the ordinary and usual significance. The effect of such interpretation makes the city liable in all cases for the damages caused abutting lotowners by the alteration of street grades. The provision which directs that the excess of damages, costs, and charges over the benefits assessed shall be paid out of the ward funds expressly negatives the contention that the damages recoverable are limited to the benefits assessed. Obviously, the city is therefore liable to

the owner of property abutting on a street for the damages resulting to him from an alteration of the street grade, and the same are recoverable on appeal to the circuit court in an improvement proceeding and an assessment of benefits and damages. This construction is supported by the case of *Liebermann v. Milwaukee,* 89 Wis. 336, 61 N. W. 1112, and is expressly ruled in the case of *Filer & S. Co. v. Milwaukee, ante,* p. 221, 131 N. W. 345.

It is urged that the court erroneously allowed the plaintiff to recover in the trial on this appeal from the assessment of benefits and damages the damages caused by the unlawful change of grade by the excessive filling of the street of from 1.8 feet to 2.3 feet above the newly established grade. It is manifest from the record that the court allowed recovery for the injury caused by such filling of the street above the grade and included it in the damages allowed at the sum of $1,166.44. The question is: Can plaintiff recover the damages arising from such unlawful filling of the street in the appeal in this proceeding? The right to appeal and litigate the question of damages in the proceedings for the improvement of a street is conferred by the charter provision heretofore cited. The scheme thereby established is that, whenever the board of public works and the common council of the city deem it necessary to alter a street grade for the purpose of improving the street, they shall allow the damages suffered by the owner on account of such change of grade, in addition to such other damages as may be caused the lotowner by such improvement, that they shall offset them against any benefits resulting from the improvement, and if such damages exceed the benefits the city is to be liable for the excess. In the appeal allowed the lotowner he is granted the right to test the correctness of the assessment of the benefits and damages so made by the board of public works and confirmed by the common council. This remedy by appeal is granted to abutting property owners for relief against grievances they may have

against the assessment of benefits and damages made by the city authorities on account of the contemplated improvement. It necessarily limits the inquiry on appeal to the subjects on which the city authorities acted in making the assessment. The assessment embraces only the benefits and damages incident to the making of the authorized improvement and alteration of the street grade and hence cannot include any damages caused by any unlawful grading in excess of that authorized by the established alteration of grade. On such an appeal the appellant is therefore restricted to the right to re-examine the question of the assessment of such benefits and damages as result from improving and grading the street to the authorized alteration of grade. In the instant case the court received evidence of and allowed damages resulting from the unlawful grading and filling of the street to the extent of about two feet in excess of that authorized by the proceedings for the improvement. This was an injury to the abutting owner not embraced in the original assessment of benefits and damages and hence could not be considered and litigated on the appeal. In the light of the evidence and the state of the case this court cannot separate the items of damages caused the plaintiff by these unlawful and the lawful acts of the city in carrying out the improvement, and we must therefore remand the cause for a new trial.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.