CHRIS SCHROEDER & SONS COMPANY and another, Appellants, vs. LINCOLN COUNTY and others, Respondents.

*October 15—November 9, 1943.*

*Ellsworth C. Smith* of Tomahawk, for the appellants.
*Frank E. Hebert* of Tomahawk, for the respondents.

FAIRCHILD, J. Only one of the questions sought to be raised is properly presented on this appeal. The orders with reference to change of venue, making pleading more definite and certain and extending time to plead, sought to be challenged are not appealable orders and the appeals have been dismissed. The complaint was demurred to by respondents. It was ruled that the complaint is defective and that the action is to be dismissed as to those who demurred. No questions, other than those relating to the sufficiency of the complaint, are raised by the appeal.

The complaint fails to meet the requirements of the rules of pleading in actions of ejectment. There is no showing that the plaintiff was entitled to possession at the time of the commencement of the action. There must be an allegation setting forth the plaintiff's estate or interest in the premises claimed "that he is entitled to possession and that defendant

unlawfully withholds possession from him." Sec. 275.05, Stats. These elements are essential in a good pleading. This complaint, although following a usual outline does not attempt to set forth a then present right to possession but fixes the time when the plaintiffs "were seized in fee and rightfully possessed" at a time upwards of two years before the commencement of the action. There is an allegation that one of the defendants "now unlawfully withholds possession thereof from the plaintiffs," but this does not amount to an allegation that appellants are entitled to possession. When analyzed with the provisions of the statutes and the doctrine of well-considered cases in mind, the complaint is a pleading that has studiously avoided saying anything about the appellant's present right of possession, and has left unsaid anything to indicate that they have a valid existing right thereto. The charging of wrongful conduct on another's part does not create an allegation or show that the complainant has not lost his right to recover the premises. Evasive pleadings are more often found in answers and replies than in complaints, but they are not entirely strangers there. When the law requires the statement in a complaint of a fact such as a present right to possession, and the pleader alleges that two years before the commencement of the action he was seized of the fee, he places his pleading in the class described. By well-established rules of pleading that allegation is an affirmative pregnant. It is pregnant with the acknowledgment that between that time and the time of the commencement of the action something occurred to prevent him from presently, truthfully claiming the right essential as a foundation for an action in ejectment. *Schaetzel v. Germantown Farmers' Mutual Ins. Co.* (1868) 22 Wis. 412; *Argard v. Parker* (1892), 81 Wis. 581, 51 N. W. 1012. As the law provides for the showing of particular fact by one bringing the action, the absence of either the right in the plaintiff or the wrong in a defendant presents a situation in which a cause of action

in ejectment does not exist. Sec. 275.05, Stats. *Le Blond v. Peshtigo* (1909), 140 Wis. 604, 123 N. W. 157; *La Dow v. Arnold* (1861), 14 Wis. *458; *McLane v. Bovee* (1874), 35 Wis. 27, 34; *Haight v. Clifford* (1877), 42 Wis. 571. It is a well-established principle which has acquired the force of a maxim that the plaintiff in ejectment must prevail, if at all, on the strength of his own title and not upon the weakness of his adversary's. 18 Am. Jur. p. 21, sec. 20; *Illinois Steel Co. v. Bilot* (1901), 109 Wis. 418, 84 N. W. 855, 85 N. W. 402, 83 Am. St. Rep. 905; *Slauson v. Goodrich Transportation Co.* (1898) 99 Wis. 20, 74 N. W. 574, 40 L. R. A. 825; *Gardiner v. Tisdale* (1853), 2 Wis. *153, 60 Am. Dec. 407. The demurrer was properly sustained.

Thus far we have considered only what appears upon the face of the complaint. In the order sustaining the demurrer the court below directed that Nick & Sons, Inc., and the city of Tomahawk "in their respective rights have judgment herein dismissing plaintiff's complaint." We find no error in this. A court, after the decision of a demurrer in the exercise of its discretion in a proper case may refuse to countenance further proceedings on the part of a defeated pleader. *M. Schulz Co. v. Gether* (1924), 183 Wis. 491, 198 N. W. 433. It is permissible at this stage of the proceedings for the court to take judicial notice of all its own records in the cause and of the proceedings in the court relating thereto. 1 Jones, Commentaries on Evidence (2d ed.), p. 764, sec. 431; *Brucker v. State* (1865), 19 Wis. *539. When the record in this case in the circuit court is examined, it appears that because of default in paying of taxes the title to the property has passed from appellants by tax deed, and that the validity of that deed has been passed upon by a court of competent jurisdiction. A former complaint in this very action was demurred to and the court then granted the appellants an opportunity to plead over. This amended pleading is now before us and it does not set forth a cause of action. There

exists substantial reason for concluding that a sufficient complaint cannot be framed.

*By the Court.*——Order affirmed.