CENTRAL URBAN COMPANY, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*September 13—October 10, 1944.*

*George H. Gabel* of Milwaukee, for the appellant.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Ronald A. Drechsler,* assistant city attorney, and oral argument by *Mr. Drechsler.*

WICKHEM, J.   The following are the facts disclosed by plaintiff's complaint: Plaintiff's property was purchased by it October 25, 1929.   It was described as lot 10, block 167, and had a frontage of fifty feet on the east side of North

Eighth street in Milwaukee between West State street on the north, and West Kilbourn avenue on the south. It had a depth of one hundred fifty feet and an alley abutted the lot on its south side and extended from North Eighth street to North Seventh street. Improvements on the property at the time of purchase consisted of a brick house, a brick and frame house, a double garage and a shed. For a long time prior to 1926 North Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh streets had been graded and paved to previously established grades from points south of West Wells street to West State street and northerly therefrom. This was also true of the alley heretofore mentioned.

On November 22, 1926, a city ordinance re-established these grades and raised the grades on both North Seventh and North Eighth streets between the north line of Grand avenue and the north line of State street. The grade on North Eighth street was raised 6.4 feet at the south line of West State street and 7.5 feet opposite lot 10, 8.3 feet at the north line of West Kilbourn avenue. The grade of the alley abutting lot 10 was raised approximately 8 feet at the east line of North Eighth street to approximately 11 feet at the east line of lot 10.

On October 31, 1929, the council confirmed an assessment of benefits and damages for street improvements, including the change of grade on North Eighth street from a point one hundred fifty feet north of the north line of West State street to a point one hundred fifty feet south of the south line of West State street. There was no finding of benefits and damages to lot 10 because the change of grade did not reach that lot. In the latter part of 1929 and early part of 1930, the city altered the grade of North Eighth street by filling in the street from West State street south about one hundred twelve feet. A ramp was constructed to connect with the portions of North Eighth street south of the improvements which were not then raised in grade. This ramp ended approximately at the northwest corner of lot 10.

From November, 1929, to September, 1930, plaintiff rented its property for dwelling purposes but it had hired an architect to prepare plans for a new building, covering the entire lot and consisting of two floors and a fifteen-foot basement. The building inspector informed the architect of the proposed change of grade and declined to issue a building permit because the city would eventually acquire the property and also because the proposed building would be impractical in view of the change of grade.

On August 31, 1930, a heavy storm caused large quantities of water and dirt to flow down the ramp, flood the basement of plaintiff's buildings and render the same uninhabitable. As a result, in January, 1934, defendant's building inspector forbade the use of the premises and required them to be razed. The razing of the building was completed April 1, 1934. In June, 1931, the council confirmed an assessment of benefits and damages for a change of grade of North Eighth street from the north curb line of West Kilbourn avenue to a point three hundred twenty feet north which included an assessment against plaintiff's lot of $600 net damages. Plaintiff appealed to the circuit court from this assessment on July 17, 1931. In March, 1937, none of the work covered by the assessment having been done, the council rescinded its resolution of confirmation and the appeal was dismissed upon its merits. From 1939 to 1941 the city filled in North Eighth street to the newly established grades, thus doing away with the ramp. The alley was also filled in to the new grade. In making the fill the city used a slope fill and covered considerable portions of lot 10 with dirt and debris. On March 24, 1941, the council confirmed an assessment of benefits and damages for street work, including the change of grade on North Eighth street. The assessment against plaintiff's lot was $150 benefits, $450 damages, a net assessment of $300 damages over benefits. Plaintiff appealed from this assessment, claiming that certain provisions of law were not complied with in making assessments of benefits and damages.

Thereafter, the council adopted a resolution vacating the assessment upon the ground that the work was done before the assessment and directed the making of a reassessment.

On September 8, 1942, the common council confirmed a reassessment of benefits and damages and made the same finding as to the amount of damages to plaintiff's lot. Plaintiff appealed to the circuit court from this assessment and served a complaint setting forth the facts heretofore stated. On September 22d the first order appealed from was entered requiring a separate statement of causes of action for damages resulting from, (1) change of grade; (2) neglect of defendant to complete the change of grade from 1929 to the present; (3) damages for trespass on plaintiff's lot by filling in and dumping thereon with slope fill; (4) damages for filling in the alley south of plaintiff's lot and requiring a separate statement as to, (1) the dates when water flowed upon plaintiff's land and from where it flowed; (2) the dates when the filling and dumping occurred and the amounts thereof.

In response to this order, an amended complaint was filed setting forth five causes of action, which in general cover the specifications of the trial court's order.

Defendant's first contention is that the order of September 23, 1943, is not appealable. This contention must clearly be sustained. The order to state the causes separately is nothing more nor less than an order to make the pleadings more definite and certain. Such an order is not appealable. It does not prevent a judgment from which an appeal may be taken, nor does it fall within any provisions of sec. 274.33, Stats., defining appealable orders. *Chris Schroeder & Sons Co. v. Lincoln County,* 244 Wis. 178, 11 N. W. (2d) 665.

In respect of the order of February 18, 1944, it may be well at the outset properly to limit the issues. It appears from the memorandum of the trial judge that the demurrers were all sustained upon the ground that the court had no jurisdiction of the subject of the action and that there was no ruling

upon the demurrers based upon the statutes of limitation. The question is whether or not upon an appeal from an assessment of benefits and damages arising from change of grade of the street abutting plaintiff's property, the court may inquire into the various extraneous matters introduced into plaintiff's complaint and ultimately stated as separate causes of action. We are of the view that this controversy is ruled adversely to plaintiff by *Milwaukee Trust Co. v. Milwaukee,* 146 Wis. 245, 250, 131 N. W. 439. The only difference between that case and this was that there the assessment of benefits and damages preceded execution of the work, whereas here the assessment followed that event. This appears to us to be an immaterial circumstance. In the *Milwaukee Trust Co. Case, supra,* plaintiff sought to recover damages arising from an excessive filling of the street above the newly established grade. The court said:

"The right to appeal and litigate the question of damages in the proceedings for the improvement of a street is conferred by the charter provision heretofore cited. . . . This remedy by appeal is granted to abutting property owners for relief against grievances they may have against the assessment of benefits and damages made by the city authorities on account of the contemplated improvement. It necessarily limits the inquiry on appeal to the subjects on which the city authorities acted in making the assessment. The assessment embraces only the benefits and damages incident to the making of the authorized improvement and alteration of the street grade and hence cannot include any damages caused by any unlawful grading in excess of that authorized by the established alteration of grade. On such an appeal the appellant is therefore restricted to the right to re-examine the question of the assessment of such benefits and damages as result from improving and grading the street to the authorized alteration of grade. In the instant case the court received evidence of and allowed damages resulting from the unlawful grading and filling of the street to the extent of about two feet in excess of that authorized by the proceedings for the improvement. .

"This was an injury to the abutting owner not embraced in the original assessment of benefits and damages and hence could not be considered and litigated on the appeal."

The *Milwaukee Trust Co. Case, supra,* was cited with approval by this court in *A. Gettelman Brewing Co. v. Milwaukee, ante,* p. 9, 13 N. W. (2d) 541.

Plaintiff claims that the *Milwaukee Trust Co. Case, supra,* is distinguishable because there the assessment preceded the work while here the reverse is true. We fail to perceive the materiality of this distinction. The commissioner of public works could only ascertain the benefits and damages from the change of grade in either situation and to do so must consider the value of the property as it existed before and after the actual change of level or grade. This was the subject upon which the commissioner of public works and the common council acted in making the reassessment. It is plain that an award of damages from the change of grade in 1929–1930 of North Eighth street north of plaintiff's property was neither made in 1942 nor proper for the commissioner or council to consider. The same comment is applicable to damages for not completing the change of grade within one year after the previous portion was completed, the filling in of the alley south of plaintiff's lot, and the trespass upon plaintiff's lot with a slope fill.

Since we consider that the demurrers were properly sustained and since the case stands for trial upon the only issue we deem to be before the court, we find no occasion to pass upon any other questions suggested by the briefs.

*By the Court.*—Order affirmed, and cause remanded with directions for further proceedings according to law.