ESTATE OF DOBRECEVICH: BRANDT, Executrix, Appellant,
v. DOBRECEVICH, Claimant, Respondent.

*April 30—June 5, 1962.*

For the appellant there was a brief and oral argument by *John J. McLario* of Menomonee Falls.

For the respondent there was a brief by *Honeck, Snyder, Mantyh & Arndt* of Milwaukee, and oral argument by *William J. Mantyh.*

CURRIE, J.   The two issues presented by this appeal are:

(1) Is the finding made by the county court in its memorandum decision, that the estate is indebted to claimant in the sum of $3,157.80, against the great weight and clear preponderance of the evidence?

(2) Is the claim barred by the statute of limitations?

The executrix's brief attempts to raise a question with respect to the trial court's denial of her motion after judgment for a new trial. However, the notice of appeal makes no mention of the denial of a new trial, but limits the appeal to the judgment. An appeal from a judgment does not bring before this court for review any order entered subsequent to the judgment. *Schlichting v. Schlichting* (1961), 15 Wis. (2d) 147, 160, 112 N. W. (2d) 149.

### Review of Evidence.

Claimant, the son of the deceased, is engaged in the contracting business on a small scale under the name of "E. D. Construction." Between May, 1952, and August, 1953, claimant constructed a residence in the village of Butler for his father and furnished the labor and materials therefor. Sometime after September 12, 1952, claimant presented the following statement to the deceased:

E. D. Construction
Mason and Cement Work
Pewaukee, Wis. Sept. 12, 1952
Rudy Dobrecevich
Peck Place & 127 St.
Terms: Net Cash

Footings—Block work, chimney
4″ floor. 8″ I Beam. Basement units
Block work on Breezeway & 12x22 garage
Garage apron sidewalk
Complete Excavating & Backfilling
Painting
Complete carpenter work & lumber
Furnace & rain gutters.

For the sum of...$10,900
Paid Oct. 10/52..  6,600

Bal. to be paid as
    yet ..........$ 4,300

The deceased subscribed his name to the face of this statement to signify his acceptance to the terms thereof. Deceased's wife died December 26, 1953, and claimant testified that the presentation of the statement to his father, and his father's signature thereon, occurred two or three weeks before her death. However, in its memorandum decision the trial court found that the placing of deceased's signature thereon took place on or about October 10, 1952. This was because $6,600 had been paid by October 10, 1952, as shown by the statement, while the evidence disclosed that two further payments had been made thereafter and prior to the death of the deceased's wife. A third additional small payment was made in April, 1954.

The three payments made subsequent to October 12, 1952, aggregated $1,142.20. The trial court subtracted these from the $4,300 balance shown by the statement to arrive at the sum of $3,157.80, for which the claim was allowed.

The principal evidence presented by executrix, Anna Brandt, a sister of the claimant, related to a waiver of lien which claimant signed and delivered to the deceased. This waiver of lien was not found among the papers of the deceased after his death, and its contents were attempted to be proved by parol testimony. The executrix, her husband, and her twenty-three-year-old son all testified essentially to the same story with respect to the circumstances surrounding the giving of the waiver, and the recitals thereof. This story is as follows: Around January, 1954, after the death of deceased's wife, the three Brandts called upon deceased at his home and claimant was also there. Mr. Brandt brought up the fact that claimant had pressed the deceased about money due for building the house in spite of deceased's claim that he had paid this in full. Claimant then acknowledged that he had been paid in full and procured a waiver-of-lien form from his truck, filled it in, and handed it to the deceased. This waiver of lien, as filled in by the claimant, contained the recital "paid in full."

Claimant admitted giving his father the signed waiver of lien, but disputed the testimony of the Brandts with respect to any admission by him that the house had been paid for in full. Claimant's version was that the lien waiver was in the sum of $6,600 and that he wrote on it that the balance owed was $4,300. The records of the bank in which deceased kept his savings account, from which withdrawals were made to make payments on the house, tend to establish that the total payments made by deceased were in accord with the amounts found to have been paid by the court. The executrix failed to prove the source of any funds available to the deceased with which he could have paid the balance of the $10,900 total cost.

On the other hand, there was a serious discrepancy in claimant's testimony which reflected on his veracity. In ad-

dition to the $4,300 claim now at issue on this appeal, he also filed an additional separate claim in the sum of $104 for constructing a concrete driveway and sidewalk for deceased in 1955. He testified with respect to doing this work, and on direct examination stated he had not been paid for it. However, on cross-examination, when presented with a receipted bill on one of his own printed statement forms dated May 20, 1955, he had to admit he had been paid in full for the driveway and walks. Further doubt was cast upon his testimony by the fact that he failed to bring into court his account books containing the record of payments made by the deceased, and other material data.

The trial court chose to disbelieve the testimony of the three Brandts given with respect to the waiver of lien. The reason advanced in the memorandum decision was that their testimony was too precise and too identical with respect to the waiver of lien containing a statement of "paid in full." The credibility of witnesses is peculiarly within the province of the trial court. *Maitland v. Twin City Aviation Corp.* (1949), 254 Wis. 541, 547, 37 N. W. (2d) 74.

With the elimination of the Brandts' version with respect to the wording of the waiver of lien, we cannot hold that the trial court's finding, that there is a balance of $3,157.80 owing to claimant, is against the great weight and clear preponderance of the evidence. While the trial court could have found that claimant's testimony, with respect to the waiver-of-lien incident, and other material facts, was impeached by his untruthful testimony with respect to the $104 claim for the driveway and walks, the court did not do so. Certainly, the trial court was not required to do so.

### Statute of Limitations.

The deceased died May 9, 1959. Claimant filed his $4,300 claim on October 30, 1959, which was prior to the issuance of letters testamentary to Anna Brandt. Sec. 330.34

Stats., provides that if a person, against whom a cause of action exists, dies prior to the expiration of the time limited for commencement of the action and the cause of action survives, an action may be commenced any time after death and prior to the expiration of one year after issuance of letters of administration or letters testamentary. Claimant's filing of his claim constituted the commencement of an action within the meaning of this statute. Therefore, the crucial question is whether the statute of limitations had run on claimant's cause of action at the time of the death of the deceased on May 9, 1959.

The executrix contends that the governing statute of limitations is sec. 330.21 (5), which provides that, "Any action to recover unpaid salary, wages, or other compensation for personal services, except fees for professional services," must be commenced within two years after the cause of action has accrued. While claimant testified that the labor performed on the contract in question was to be charged at three dollars per hour, there was no evidence that the labor was ever separately billed to the deceased apart from the materials. The contract proved, which resulted from the deceased's approving with his signature the $10,900 statement showing a balance owing of $4,300 on October 10, 1952, is an entire one covering both labor and materials. Claimant testified that there was only $1,200 of labor represented in the balance for which he filed his claim. However, even if it were possible to segregate the charges for labor from those for materials, when the contract is entire and covers both materials and labor, sec. 330.21 (5), Stats., has no application.

In *Estate of Fredericksen* (1956), 273 Wis. 479, 78 N. W. (2d) 878, a claim had been filed against an estate for board, lodging, care, and laundry furnished the deceased. While this claim did embody an element of personal service, the furnishing of food and lodging was intertwined therewith. Because of this, it was determined that sec. 330.21 (5),

Stats., was not applicable. Claimant's counsel interprets the *Fredericksen Case* as holding that only services performed within a home are to be governed by sec. 330.21 (5). While comment was made in the opinion that in the prior cases, in which sec. 330.21 (5) was held applicable, the services had been performed within a home, we are satisfied that this does not mean that causes of action for personal services performed at the request of another outside of his home might not be subject to the limitation period of this statute.

The general rule is that where no time is specified for the payment for a certain piece of work, payment is not due until the expiration of the time specified for the performance of the work. 12 Am. Jur., Contracts, p. 859, sec. 304. The instant contract did not specify the time of payment and was not fully performed until July or August, 1953. Thus, under the applicable six-year statute of limitations, sec. 330.19 (3), the six-year period available to claimant in which to bring his action had not expired at the time of the death of the deceased.

The executrix also contends that, even if the six-year limitation period applies, only those materials delivered and services performed less than six years before the death of the deceased can be recovered, *i.e.,* that the contract is severable. There was testimony that, when claimant received a statement for materials furnished in connection with performance of the contract, deceased would accompany claimant to the supplier's office and there pay claimant the amount due on the statement, and that claimant would then deliver this payment to the supplier. The reason given for so handling these transactions was that deceased would receive the benefit of the contractor's discount to which claimant was entitled. Toward the end of performance, deceased ran out of cash and no longer made payments to cover these statements for materials. We do not consider that this evidence made a severable contract so as to make the six-year statute

applicable to each item of unpaid materials as billed by the supplier. In a tougher case where partial performance and partial payment were spelled out in the contract, *Davies v. J. D. Wilson Co.* (1957), 1 Wis. (2d) 443, 85 N. W. (2d) 459, this court held that the contract was "entire."

In view of the foregoing it is our determination that no part of claimant's claim is barred by a statute of limitations.

*By the Court.*—Judgment affirmed.