CHEESE, Appellant, v. AFRAM BROTHERS COMPANY and another, Respondents.

*October 3—November 1, 1966.*

" . . .

For the appellant there was a brief and oral argument by *Harvey L. McCormick* of Milwaukee.

For the respondent Afram Brothers Company there was a brief by *Shinken & Shinken* of Milwaukee, and oral argument by *Milton Shinken*.

For the respondent Local 364 of the International Union, Allied Industrial Workers of America, AFL–CIO, there was a brief by *Goldberg, Previant & Uelmen*, and oral argument by *John Williamson*, all of Milwaukee.

GORDON, J. The trial court sustained the demurrers of both defendants to Mr. Cheese's amended complaint, and we must determine whether either or both of such demurrers should have been sustained. This court must also determine the effect of the trial court's order which sustained the demurrers "without leave to plaintiff to replead" but also dismissed the action "without prejudice."

In his amended complaint, the plaintiff claims damages and also asks the court to declare his rights under the collective-bargaining agreement. The request for declaratory relief would appear to be out of place in this complaint, since the gravamen of the pleading is Mr. Cheese's demand for damages grounded on his interpretation of the collective-bargaining contract. As stated in *F. Rosenberg Elevator Co. v. Goll* (1963), 18 Wis. (2d) 355, 118 N. W. (2d) 858, a declaratory judgment is not designed to take the place of an action for damages. *Calvary Independent Baptist Church v. Rome* (1951), 208 Ga. 312, 315, 66 S. E. (2d) 726. The demurrers of the defendants were not based on the inappropriateness of the remedy of a declaratory judgment; in our opinion, that portion of the amended complaint which seeks declaratory relief may be regarded as harmless surplusage.

### The Cause of Action Against Afram Brothers.

The plaintiff contends that his discharge was "wrongful and unlawful" and points to section 9.01 of the collective-bargaining agreement. This clause provides that an employee shall lose his seniority if he is discharged for cause but, in our opinion, does not provide support for Mr. Cheese's claim that he was improperly discharged. In the absence of affirmative allegations indicating in what manner Afram Brothers failed to comply with the collective-bargaining contract in discharging the plaintiff, the amended complaint asserts only a legal conclusion and, since there was first an order to make the complaint more definite and certain, is demurrable. Cf. *Simpson v.*

*Cornish* (1928), 196 Wis. 125, 132, 133, 218 N. W. 193; *Doolittle v. Laycock* (1899), 103 Wis. 334, 79 N. W. 408.

In *Cheese v. Industrial Comm.* (1963), 21 Wis. (2d) 8, 123 N. W. (2d) 553, this court held that the plaintiff had not engaged in "misconduct" for purposes of the Unemployment Compensation Act. However, it does not follow from such holding that the discharge necessarily subjects the employer to liability for breach of contract. Under the enlightened social and economic objectives of unemployment compensation, an employee may be entitled to benefits even though his employer had the contractual right to discharge him from his job. *Milwaukee Transformer Co. v. Industrial Comm.* (1964), 22 Wis. (2d) 502, 512, 126 N. W. (2d) 6. Thus, the prior ruling of this court that Mr. Cheese's actions were not "misconduct" for purposes of the Unemployment Compensation Act does not alone support an allegation in a damage action that he was wrongfully discharged.

Although the employer also urges that the complaint against it is defective because of the failure to allege an exhaustion of remedies, we note that the case in which this court held that there was an obligation to allege and prove exhaustion of remedies in an action against an employer was one in which the employee sought *reinstatement*. *Widuk v. John Oster Mfg. Co.* (1962), 17 Wis. (2d) 367, 374, 117 N. W. (2d) 245. However, in *McDonald v. Chicago, M., St. P. & P. R. Co.* (1964), 25 Wis. (2d) 205, 217, 130 N. W. (2d) 794, this court distinguished between an action for damages against an employer and one for reinstatement. In the same case, the court also distinguished between a damage suit for wrongful expulsion against the employer as opposed to such an action against the union. In this suit for damages, under our ruling in the *McDonald Case,* Afram Brothers is not entitled to rely on Mr. Cheese's failure to allege an exhaustion of remedies. Instead, the employer must plead such failure as an affirmative defense.

### The Cause of Action Against Local 364.

The complaint also fails to state a cause of action against the union. The contractual provisions asserted in the complaint do not obligate the union to contest the discharge even if the union had the right to do so. Section 9.03 gives the union the right to question and investigate any dismissal for cause. Section 9.04 provides that the union shall not attempt to have the employee reinstated where the dismissal is for just cause. Finally, section 9.05 asserts that the employer shall submit a card stating the cause of dismissal not later than a day after such dismissal. There is nothing in these provisions which obligates the union to contest every discharge. In the absence of other allegations (for example, showing an employer-union conspiracy or an arbitrary violation of the union's duty of fair representation), we are persuaded that the amended complaint does not now state a cause of action.

A union has a fiduciary duty of fair representation under its collective-bargaining contract. *Humphrey v. Moore* (1964), 375 U. S. 335, 84 Sup. Ct. 363, 11 L. Ed. (2d) 370; *Clark v. Hein-Werner Corp.* (1959), 8 Wis. (2d) 264, 99 N. W. (2d) 132, 100 N. W. (2d) 317; Fleming, The Labor Arbitration Process (1965), 107–133; Aaron, Some Aspects of the Union's Duty of Fair Representation, 22 Ohio State Law Journal (1961), 39. However, the mere allegation that the union has failed to contest the discharge is insufficient to support a claim for damages. In *Fray v. Amalgamated, etc., Local Union No. 248* (1960), 9 Wis. (2d) 631, 641, 101 N. W. (2d) 782, we commented upon a union's discretion in determining whether to present an employee's grievance:

"The union has great discretion in processing the claims of its members, and only in extreme cases of abuse of discretion will courts interfere with the union's decision not to present an employee's grievance. . . . In certain cases for the greater good of the members as a whole, some individual rights may have to be compromised."

In our view, the complaint does not allege conduct showing a breach of the union's duty of fair representation. Cf. *Pattenge v. Wagner Iron Works* (1957), 275 Wis. 495, 500, 82 N. W. (2d) 172.

We also are of the opinion that the amended complaint is demurrable on the part of the union because of the plaintiff's failure to aver that he has exhausted his remedies within the union before starting his court action. In the *McDonald Case,* cited above, a complaint against a union for its alleged failure to represent the plaintiff in connection with his discharge was held to be insufficient when the complaint did not allege facts which showed an exhaustion of remedies within the union. *Kopke v. Ranney* (1962), 16 Wis. (2d) 369, 114 N. W. (2d) 485. Although the original complaint stated that the grievance was "made known" to the union, that allegation is insufficient under the *McDonald Case.*

### The Right to Replead.

The trial judge gave a number of reasons for sustaining the defendants' demurrers. One of these was his belief that the action was barred by the two-year statute of limitations contained in sec. 330.21 (5), Stats. 1963 (now renumbered sec. 893.21 (5)). In our opinion, the learned trial judge erred in applying the statute of limitations governing unpaid wages rather than applying sec. 330.19 (3), Stats. 1963 (now renumbered sec. 893.19 (3)), which is a six-year statute of limitations for actions on a contract. We believe that the latter statute providing a six-year statute of limitations governs this dispute over the effect of the collective-bargaining contract under the recent ruling of this court in *Tully v. Fred Olson Motor Service Co.* (1965), 27 Wis. (2d) 476, 134 N. W. (2d) 393. The latter case does not appear to have been brought to the attention of the trial judge.

As noted at the outset of this opinion, the trial court dismissed the action "without prejudice" and also ordered

the demurrers sustained "without leave to plaintiff to replead." The quoted clauses would seem to be somewhat inconsistent; at least, there is an ambiguity whether the plaintiff is free to commence another action. Normally he would be free to do this when his action is dismissed "without prejudice." However, insofar as the order forecloses him from the right to replead, it is arguable that the trial court meant not only to snuff out the candle but also to bar the plaintiff from ever relighting it.

We recognize that the plaintiff was previously given an opportunity to reframe his complaint and that it is discretionary with the trial court whether the plaintiff should be permitted to plead over. *Pedrick v. First Nat. Bank of Ripon* (1954), 267 Wis. 436, 441, 66 N. W. (2d) 154; *Chris Schroeder & Sons Co. v. Lincoln County* (1943), 244 Wis. 178, 182, 11 N. W. (2d) 665. However, the trial court may have been influenced in its denial to the plaintiff of leave to replead by a mistaken conception regarding the statute of limitations.

We affirm that portion of the trial court's order which sustained the demurrers, but we remand this matter to the circuit court with directions to clarify its order insofar as there appears to be a conflict between the denial of the right to replead and the direction that the dismissal is "without prejudice."

The trial court is directed to reexamine the question of permitting the plaintiff to replead in light of our comments regarding the applicable statute of limitations. Upon such reexamination, the trial court shall exercise its discretion to determine whether the plaintiff shall be given an opportunity to plead over or whether further pleadings on his part shall be barred. Both of the respondents shall be chargeable with costs upon this appeal, but we hold that the plaintiff shall be limited to taxing only one half of his appeal costs.

*By the Court.*—Order affirmed in part and reversed in part. Cause remanded with directions.