RUPP, Respondent, v. O'CONNOR, and another, Appellants.†

*No. 75-793. Submitted on briefs December 1, 1977.— Decided January 3, 1978.*
(Also reported in 261 N.W.2d 815.)

---

† Motion for rehearing denied, without costs, on March 3, 1978.

For the appellants the cause was submitted on the brief of *Love, Brown, Love & Phillips* of Waukesha.

For the respondent the cause was submitted on the brief of *Wimmer, Evans & Vollmar* of Waukesha.

ROBERT W. HANSEN, J. The sole question asked by this appeal is whether the two-year statute of limitations[1] or the six-year statute of limitations[2] here applies.

---

[1] Sec. 893.21(5), Stats., provides: "Within 2 years: (5) Any action to recover unpaid salary, wages or other compensation for personal services, except fees for professional services."

[2] Sec. 893.19(3), Stats., provides: "Within 6 years: (3) An action upon any other contract, obligation or liability, express or implied. . . ."

The two-year statute of limitations applies to any action to recover "unpaid salary, wages or other compensation for personal services, except fees for professional services."[3] In arguing that the two-year statute applies to this action, the defendants rely upon *Estate of Dobrecevich.*[4] There this court held that where the claimant had built a house for the decedent and furnished both labor and materials, the two-year statute of limitations did not apply. The defendants submit that by implication that holding means that where, as here, a contract is for labor only, a claim under such contract falls within the two-year statute. This implication is strengthened by the reference in *Dobrecevich* to the decision in *Estate of Fredericksen,* a case where a claim had been filed against an estate for board, lodging, care and laundry furnished the deceased.[5] Because this claim included an element of personal service "intertwined" with the furnishing of food and lodging, our court concluded that the two-year statute of limitations did not apply.[6] Without such "intertwining," defendants argue, the result in *Fredericksen* would have been different, and it appears that it would have.

However, in a decision subsequent to both *Fredericksen* and *Dobrecevich,* the *Estate of Javornik Case,*[7] this court made clear that the two-year statute of limitations applies to a claim for ". . . human labor such as is commonly rendered in return for a salary or a wage in the case of an employee and for 'other compensation' in the case of an independent contractor or one not in an

---

[3] Sec. 893.21(5), Stats.

[4] 17 Wis.2d 1, 115 N.W.2d 597 (1962).

[5] *Id.* at 7, 8, reviewing *Estate of Fredericksen,* 273 Wis. 479, 78 N.W.2d 878 (1956).

[6] *Id.* at 7.

[7] 35 Wis.2d 741, 151 N.W.2d 721 (1967).

employee relationship."[8] The rule for determining whether the two-year statute should apply to a particular claim for "personal services" is as follows:

"Such human labor must be in the nature of a service as distinguished from the end product or the fruit of the services. While some personal services may result in a salable article or an end product, the distinguishing feature of personal services for the purpose of this section [sec. 893.21(5), the two-year statute of limitations] is whether the human labor itself is sought and is the object of the compensation or whether the end product of the service is purchased."[9]

This rule has been repeatedly followed since. In *Younger v. Rosenow Paper & Supply Co.,*[10] the court relied on the *Javornik* rule in holding that an action to recover an unpaid bonus is one for breach of contract not barred by the two-year statute of limitations.[11] Similarly, in *Estate of Schroeder,*[12] we relied on the *Javornik* rule in holding that an action to recover pension benefits was more than a claim for wages and, therefore, that the six-year statute of limitations applies.[13] In *Lorenz v. Dreske,*[14] the court applied the *Javornik* rule in holding that the two-year statute does

[8] *Id.* at 749.

[9] *Id.* at 749.

[10] 51 Wis.2d 619, 188 N.W.2d 507 (1971).

[11] *Id.* at 627. There this court concluded: "In light of *Estate of Javornik,* narrowly construing the two-year statute of limitations, we are satisfied that the six-year statute of limitations, sec. 893.19(3), applies, rather than the two-year statute of limitations, sec. 893.21(5)."

[12] 53 Wis.2d 59, 191 N.W.2d 860 (1971).

[13] *Id.* at 67.

[14] 62 Wis.2d 273, 214 N.W.2d 753 (1974). Relying on the *Javornik* rule as well as the other recent cases narrowly construing the two-year statute, the court in *Lorenz* concluded: "A broad interpretation of 'professional services' is in keeping with the trend to limit those actions barred by the statute." *Id.* at 281.

not bar an action for unpaid compensation for consulting services even though the claimant, a physician, was not a professional consultant.

Applying the *Javornik* rule to the case before us, we must consider the object of the contract. If the object was the human labor alone, the two-year statute applies. If it was the fruits of the human labor, the six-year statute applies. All of the parties testified that the purpose of the contract was to remodel the attic into an apartment. The plaintiff did not perform all of the work personally, but hired two helpers to assist. From the record it is evident that the plaintiff made recommendations as to what materials the defendants should buy and ordered some of these materials. He advised them that they would need an electrician, a plumber, and a heating man, and recommended which electrician the defendants should employ. These features of the personal services contracted for by the parties and performed by this plaintiff support the holding of the trial court that here the end product of human labor was purchased and not the human labor alone. We affirm the trial court conclusion that the two-year statute of limitations, sec. 893.21 (5), Stats., does not apply and that the six-year statute of limitations, sec. 893.19 (3), Stats., does apply.

*By the Court.*—Judgment affirmed.