Dr. Robert E. LOVETT, Plaintiff-Appellant,

v.

MT. SENARIO COLLEGE, INC., a Wisconsin
corporation, Defendant-Respondent.†

Court of Appeals

*No. 89-1462. Submitted on briefs February 6, 1990.—Decided
February 27, 1990.*

(Also reported in 454 N.W.2d 256.)

† Petition to review denied.

For plaintiff-appellant there were briefs submitted by *James E. Garvey* of *Garvey, Anderson, Kelly & Ryberg, S.C.* of Eau Claire.

For defendant-respondent there was a brief submitted by *Robert D. Scott, Jay R. Starrett* and *Brian G. Cahill* of *Frisch Dudek, Ltd.* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Dr. Robert Lovett appeals a summary judgment entered in favor of his former employer, Mt. Senario College. The trial court dismissed Lovett's claim for wages and retirement benefits guaranteed by Mt. Senario, holding that the two-year statute of limitations

applicable to wage claims had run and that the failure to pay the retirement benefits was not a breach of the contract since there was no consideration for the college's promise. We reverse and hold that the six-year statute of limitations on breach of contract claims controls and that Lovett provided the necessary consideration by continuing his employment with Mt. Senario.

Lovett became president of Mt. Senario College in 1970. Later, he entered into an employment agreement that was to run from July 1, 1978, through June 30, 1981. The agreement could be terminated by either party with one year's notice. Lovett also entered into a retirement compensation agreement with Mt. Senario on September 30, 1979. That agreement provided for four $30,000 payments, but would cease if Lovett retired or terminated his employment without Mt. Senario's consent. Two payments were made. Mt. Senario terminated Lovett's employment without prior notice on August 28, 1980.

Lovett filed suit August 28, 1986, six years after his termination. On motion for summary judgment, the trial court dismissed his claims. Two of the claims are appealed. Lovett claims he is entitled to his salary and compensation from the time of his firing until the time the agreement was to expire. The trial court, however, held that this claim was barred by sec. 893.44(1), Stats., the two-year statute of limitations on wage claims.[1] Lovett also seeks the remaining payments allegedly owed him under the retirement compensation agreement. The

---

[1] Section 893.44, Stats., provides in part:

**Compensation for personal service.** (1) Any action to recover unpaid salary, wages or other compensation for personal services, except actions to recover fees for professional services and except as provided in sub. (2), shall be commenced within 2 years after the cause of action accrues or be barred.

trial court also dismissed this claim, finding that there had been no consideration on Lovett's part, and therefore the agreement was an unenforceable promise. We reverse on both claims.

Lovett seeks wages and other compensation for the period following his termination. He argues that the six-year statute of limitations for breach of contract contained in sec. 893.43[2] controls and that the two-year statute of limitations in sec. 893.44(1) applies only to actions for wages already earned. We agree.

Prior cases emphasize that the distinction to be drawn is whether the wages due are for work already done or for work contracted for but never performed. *Yanta v. Montgomery Ward & Co.*, 66 Wis. 2d 53, 224 N.W.2d 389 (1974), decided whether wage claims brought pursuant to a discrimination suit were subject to a two or six-year statute of limitations. The court stated, "Although plaintiff is suing here based on a statute rather than a contract, the principle should still apply that sec. 893.21(5) [sec. 893.44(1)'s predecessor] does not apply unless the services are actually rendered." *Id.* at 65, 224 N.W.2d at 395.

The *Yanta* distinction is supported by other cases such as *Cheese v. Afram Bros.*, 32 Wis. 2d 320, 145 N.W.2d 716 (1966), and *Tully v. Fred Olson Motor Serv. Co.*, 27 Wis. 2d 476, 134 N.W.2d 393 (1965). In those cases, the court also held that damages for wrongful discharge in breach of a collective bargaining agreement were subject to the six-year statute of limitations.

---

[2]Section 893.43, Stats., provides:

> **Action on contract.** An action upon any contract, obligation or liability, express or implied, including an action to recover fees for professional services, except those mentioned in s. 893.40, shall be commenced within 6 years after the cause of action accrues or be barred.

The trial judge gave a number of reasons for sustaining the defendants' demurrers. One of these was his belief that the action was barred by the two-year statute of limitations contained in sec. 330.21(5), Stats. 1963 [now sec. 893.44(1)]. In our opinion, the learned trial judge erred in applying the statute of limitations governing unpaid wages rather than applying sec. 330.19(3), Stats. 1963 [now sec. 893.43], which is a six-year statute of limitations for actions on a contract. We believe that the latter statute providing a six-year statute of limitations governs this dispute over the effect of the collective-bargaining contract under the recent ruling of this court in *Tully v. Fred Olson Motor Service Co.* (1965), 27 Wis. (2d) 476, 134 N.W. (2d) 393.

*Cheese,* 32 Wis. 2d at 327, 145 N.W.2d at 720.[3]

Mt. Senario points to cases such as *Nale v. O'Dell,* 61 Wis. 2d 654, 660, 213 N.W.2d 552, 555 (1974), which states "the statute [now sec. 893.44(1)] would clearly limit to two years any recovery for weekly, monthly or annual payments for personal services upon an express contract."[4] However, we read these cases to state only

---

[3] An implication that the two-year statute of limitations for wage claims applies only to services already rendered is also present in *Saunders v. DEC Int'l,* 85 Wis. 2d 70, 270 N.W.2d 176 (1978). In that case, the court summarized a party's argument as "the two-year-limitation statute was intended by the legislature to apply in all cases where the amount of compensation due was known, or could be readily known, by the claimant at that time, or shortly after, the services were rendered." *Id.* at 75, 270 N.W.2d at 178. The court then held that the two-year statute applied only to wages, not commissions, and did not discuss further the requirement that the services actually be rendered.

[4] *See also Sussmann v. Gleisner,* 80 Wis. 2d 435, 439, 259 N.W.2d 114, 116 (1977) ("We have previously stated that even though a salary claim is based upon an express employment con-

that wage claims, whether contractually based or not, must be made within two years if the services have actually been performed.

Mt. Senario also argues that the holding in *Yanta* was dicta. *Yanta* was based on a discriminatory firing, not on a breach of contract. Yet *Yanta* speaks of the general rule that the two-year statute of limitations applies only to wages for services already rendered. The holding is explicitly based on this general rule, and not any special considerations that may apply in a sexual discrimination case. *Yanta* does not deal with an identical fact situation, but its holding that the two-year statute of limitations does not apply is not dicta, and its reasoning applies equally to the case at hand.

██ Given the clear language in *Yanta,* and the lack of any cases holding to the contrary, as well as the admonition that the two-year statute of limitations is to be narrowly construed to avoid extinguishing otherwise meritorious claims, *see Lorenz v. Dreske,* 62 Wis. 2d 273, 280-81, 214 N.W.2d 753, 757 (1974), we hold that the six-year statute of limitations applies to Lovett's contractual claim for wages he would have earned following his termination. Because we hold in favor of Lovett, we do not reach the issue of whether sec. 893.44(1) is inapplicable because the payments were for professional, rather than personal, services.

Next, Lovett argues that the trial court erred when it granted summary judgment to Mt. Senario on the retirement compensation agreement finding Lovett had supplied no consideration. We agree.

---

tract, the shorter two-year 'salary' statute—not the longer six-year 'contract' statute—applies.").

The consideration necessary to support an agreement may consist of a detriment to the promissee or a benefit to the promissor. *First Wisconsin Nat'l Bank v. Oby*, 52 Wis. 2d 1, 5-6, 188 N.W.2d 454, 457 (1971). To receive the retirement benefits, Lovett was required to remain at the college and forego retirement or the opportunity to leave for other employment. Forbearance in exercising a legal right is valid consideration in Wisconsin. *See Hammel v. Ziegler Fin. Corp.*, 113 Wis. 2d 73, 81, 334 N.W.2d 913, 917 (Ct. App. 1983).

Wisconsin has also recognized that the inducement of a retirement program provides a reciprocal benefit to the employer in terms of employee retention.[5] "Clearly, under our present economic system, an employer cannot offer a retirement system as an inducement to employment and, after an employee has accepted employment under such circumstances, withdraw or terminate the program after an employee has complied with all the conditions entitling him to retirement rights thereunder." *Schlosser v. Allis-Chalmers Corp.*, 86 Wis. 2d 226, 247, 271 N.W.2d 879, 889 (1978) (quoting *Cantor v.*

---

[5]The agreement itself recognized that its primary purpose was to induce Lovett to continue his employment, both in the prologue:

> WHEREAS, the College [Mt. Senario] realizes that the President's [Dr. Lovett's] continued employment with the College is an asset of substantial measure and seeks to induce the President to continue employment with the College.

And, in paragraph 4:

> 4. *Continued Employment.* By creation of this retirement program, it is the College's desire to induce the President to continue in its employment in some capacity (including employment in a position other than president or as an independent consultant) . . ..

*Berkshire Life Ins. Co.,* 171 N.E.2d 518, 522 (Ohio 1960)).

Mt. Senario counters with two arguments. The first is that Lovett had accepted employment earlier, pursuant to the employment contract, and Lovett's duties and obligations remained defined by that agreement. This argument does not address the fact that Lovett refrained from exercising his right to terminate the contract. To obtain the benefits, Lovett was obligated not to retire or quit and, had he done so, Mt. Senario was under no obligation to pay him. In this way the case differs from *Oby,* where our supreme court stated that the consideration is not sufficient where the promissor is free to perform or withdraw from the agreement at will.[6] Here, Lovett's receipt of his retirement benefits was conditional and related to his fulfilling specific obligations under the agreement.

■ Under Mt. Senario's reasoning, every time an employer "sweetened the pot" to retain an employee, it would merely be an unenforceable promise, absent some underlying change in the employment relationship. We disagree and hold that despite the employment contract, Lovett's continued employment was consideration for the retirement compensation agreement. *See Zwolanek v. Baker Mfg. Co.,* 150 Wis. 517, 525, 137 N.W. 769, 773 (1912).

Mt. Senario's second argument is that the agreement ended when Lovett's employment was terminated, citing *Arnold Joerns Co. v. Roberts,* 16 Wis. 2d 333, 114

[6]*Oby* also states that this legal proposition applies to executory contracts. It is not disputed that Lovett "fully or partially executed the act which formed the basis for defendant's promise" by remaining as president until his termination. *See id.* at 9, 188 N.W.2d at 459.

N.W.2d 416 (1962). *Joerns* is not controlling. *Joerns* involved a promise by the defendant to pay plaintiff a commission if he produced customers. The plaintiff made no reciprocal promise to recruit customers, and, when the defendant refused to pay, the court held that the agreement lacked mutuality. *Id.* at 335–36, 114 N.W.2d at 417. Here, as we have previously set out, there was consideration, and Lovett is entitled to recover based on Mt. Senario's breach.

We note also that the agreement could have easily been drafted to reflect a contrary intent; instead it clearly stated that the agreement for retirement benefits ended only upon Lovett's voluntary retirement or departure. Lovett apparently fulfilled the conditions specified in the agreement, and, given the language and the lack of any contrary indication as to intent, we cannot sever the contract into a series of unilateral offers that ended when Lovett's employment was terminated.

Because the six-year statute of limitations applies to Lovett's action for breach of contract and consideration existed for the agreement on retirement benefits, we reverse the summary judgment and remand the matter to the trial court for further proceedings on the merits of the actions.

*By the Court.*—Judgment reversed and cause remanded.