COURT OF APPEALS
DECISION
DATED AND FILED

August 21, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2243**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV73

IN COURT OF APPEALS
DISTRICT IV

DONALD PECINOVSKY,

   PLAINTIFF-APPELLANT,

 V.

KIMBERLY TUESCHER,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Lafayette County: JENNA L. GILL, Judge. *Reversed and cause remanded.*

Before Graham, P.J., Kloppenburg, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Donald Pecinovsky appeals a circuit court order granting Kimberly Tuescher's motion for summary judgment and dismissing Pecinovsky's claims for breach of contract, promissory estoppel, and unjust enrichment. The court concluded that all of Pecinovsky's claims are barred by the two-year statute of limitations for compensation for personal services set forth in WIS. STAT. § 893.44 (2023-24).[1] Pecinovsky argues that the court erroneously granted the motion because the contract was not for personal services and is therefore governed by the six-year statute of limitations for contract actions set forth in WIS. STAT. § 893.43.

¶2 We conclude that Tuescher is not entitled to summary judgment dismissing Pecinovsky's claims because the undisputed facts establish that, as a matter of law, the contract between Pecinovsky and Tuescher was not for "personal services" within the meaning of the two-year statute of limitations. Accordingly, we reverse and remand.

## BACKGROUND

¶3 The following material facts are undisputed for the purposes of summary judgment.

¶4 In 2017, Tuescher purchased approximately 20 acres of real property in Lafayette County. In 2019, Tuescher asked Pecinovsky, her brother, to perform work on her property, and he agreed. Tuescher told Pecinovsky that "'[t]here's six years of work to be done on this property.'" Tuescher agreed to compensate

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

Pecinovsky based on the number of hours he worked on completing projects at the property. This agreement was not put into writing.

¶5 Pecinovsky began working on projects for Tuescher at her property in mid-2019. At the time Pecinovsky and Tuescher reached their agreement and Pecinovsky began working on projects at Tuescher's property, Pecinovsky was working full-time as a school custodian. Pecinovsky retired from the school in June 2021 and moved to Tuescher's property in July 2021.

¶6 Pecinovsky completed a variety of projects for Tuescher at her property in 2019, 2020, and 2021, at her specific request. These projects included: removing old fence posts and buried wire; clearing brush; digging post holes for and constructing a fence; cutting and trimming trees; building a floating dock; building shelves for a pole shed; and constructing a garden. Pecinovsky completed six years of projects in three years. Pecinovsky continued to do work on projects for Tuescher until mid-September 2021, when Tuescher said that she would not pay him for any more work on her property.

¶7 In June 2023, Pecinovsky sent Tuescher's attorney a letter requesting $37,250 for the work he performed from 2019 to 2021. In October 2023, Pecinovsky filed this action against Tuescher, alleging breach of contract, promissory estoppel, and unjust enrichment, based on her failure to pay him for the work he performed in 2019, 2020, and 2021.

¶8 Tuescher filed a motion for summary judgment seeking, as pertinent here, dismissal of this action on the ground that Pecinovsky's claims are barred by the two-year statute of limitations for compensation for personal services set forth in WIS. STAT. § 893.44. Specifically, Tuescher argued that § 893.44 applies

because she hired Pecinovsky for his "general help around the [p]roperty," not for the results of his labor.

¶9 In his brief opposing summary judgment, Pecinovsky argued that his claims are governed by the six-year statute of limitations for contract actions set forth in WIS. STAT. § 893.43. Pecinovsky argued that WIS. STAT. § 893.44 does not apply to bar his claims because Tuescher hired him for the results of his labor, namely, to "complete specific projects at her property."

¶10 After a hearing, the circuit court issued an order granting Tuescher's motion for summary judgment and dismissing Pecinovsky's claims as barred by the two-year statute of limitations set forth in WIS. STAT. § 893.44. The court concluded that the parties "had an ongoing agreement for a period of time, that [Pecinovsky] was going to provide his labor, [and that] he was keeping track of his hours so that he could be paid that way, not on the basis of results."

¶11 Pecinovsky appeals.

## DISCUSSION

¶12 This court reviews a grant of summary judgment de novo. *Schmidt v. Northern States Power Co.*, 2007 WI 136, ¶24, 305 Wis. 2d 538, 742 N.W.2d 294. "Summary judgment is appropriate where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Pinter v. Village of Stetsonville*, 2019 WI 74, ¶26, 387 Wis. 2d 475, 929 N.W.2d 547; WIS. STAT. § 802.08(2). "In evaluating the evidence, we draw all reasonable inferences from the evidence in the light most favorable to the non-moving party." *Burbank Grease Servs., LLC v. Sokolowski*, 2006 WI 103, ¶40, 294 Wis. 2d 274, 717 N.W.2d 781.

¶13    The sole issue on appeal is whether Pecinovsky's claims are subject to the two-year statute of limitations for compensation for personal services set forth in WIS. STAT. § 893.44, rather than the six-year statute of limitations for actions on contracts set forth in WIS. STAT. § 893.43.[2]  Pertinent here, § 893.44(1) provides:

> Any action to recover unpaid salary, wages or other compensation for personal services, except actions to recover fees for professional services, … shall be commenced within 2 years after the cause of action accrues or be barred.

¶14    Whether Pecinovsky's claims are for "compensation for personal services" under WIS. STAT. § 893.44 is a question of law that this court also reviews de novo.  *See **Estate of Cohen v. Trinity Health Mgmt., LLC***, 2022 WI App 26, ¶8, 402 Wis. 2d 220, 975 N.W.2d 293 (application of statute of limitations reviewed de novo).  As we explain, we conclude that the undisputed facts establish that, as a matter of law, Pecinovsky's claims are not for "compensation for personal services" as that term is used in § 893.44(1).

¶15    "Compensation for personal services" is defined in the relevant case law as follows:

> "[P]ersonal services" as used in [WIS. STAT. § 893.44], means human labor … in the nature of a service as

---

[2] Tuescher's appellate brief does not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs.  *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover").  As our supreme court explained when it amended the rule in 2021, the pagination requirement ensures that the numbers on each page of the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of an electronically filed brief.  S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021).

> distinguished from the end product or the fruit of the service. While some personal services may result in a salable article or an end product, the distinguishing feature of personal services for the purpose of this section is whether the human labor itself is sought and is the object of compensation or whether the end product of the service is purchased.

*State v. Vodnik*, 35 Wis. 2d 741, 749, 151 N.W.2d 721 (1967). In other words, compensation for "personal services" is compensation for labor regardless of end product. *See id.*; *Rupp v. O'Connor*, 81 Wis. 2d 436, 441, 261 N.W.2d 815 (1978) ("If the object [of the contract for compensation] was the human labor alone, the two-year statute applies. If it was the fruits of the human labor, the six-year statute applies."); *Saunders v. DEC Int'l, Inc.*, 85 Wis. 2d 70, 75, 270 N.W.2d 176 (1978) ("The test is whether the compensation was paid for 'human labor itself' or for 'the end product or the fruit of the service.'").

¶16 Our supreme court has repeatedly emphasized the need to construe WIS. STAT. § 893.44 narrowly.[3] The two-year statute of limitations set forth in § 893.44 "is an exception to the general rule" that contract actions are subject to the six-year statute of limitations set forth in WIS. STAT. § 893.43. *Saunders*, 85 Wis. 2d at 74. "Because numerous contracts involve an element of personal

---

[3] *See* *Erdman v. Jovoco, Inc.*, 181 Wis. 2d 736, 765, 512 N.W.2d 487 (1994) ("[B]ecause [WIS. STAT. §] 893.44 is a statute of limitations, it is narrowly construed to protect claimants."); *Lorenz v. Dreske*, 62 Wis. 2d 273, 280-81, 214 N.W.2d 753 (1974) ("[T]he statute has been narrowly construed in favor of litigants to limit the number of actions which are barred."); *Green v. Granville Lumber & Fuel Co.*, 60 Wis. 2d 584, 590, 211 N.W.2d 467 (1973) ("'A statute of limitations should not be applied to cases not clearly within its provisions.'" (quoted source omitted)); *Sussmann v. Gleisner*, 80 Wis. 2d 435, 440, 259 N.W.2d 114 (1977) ("the two-year statute of limitations should be construed narrowly"); *Estate of Schroeder v. Gateway Transp. Co.*, 53 Wis. 2d 59, 66, 191 N.W.2d 860 (1971) (same); *Younger v. Rosenow Paper & Supply Co.*, 51 Wis. 2d 619, 627, 188 N.W.2d 507 (1971) ("narrowly construing the two-year statute of limitations").

services, an overbroad interpretation of the term, 'personal services,' in the two-year statute of limitations would result in the exceptional circumstances swallowing up the general rule," consequently making "the shorter period of limitations the norm, rather than the six-year period." *Id.* "To avoid the danger of subverting the legislative intent," § 893.44 "has been construed 'in favor of litigants to limit the number of actions which are barred.'" *Saunders*, 85 Wis. 2d at 74 (quoted source omitted).

¶17 The record establishes as undisputed that, pursuant to his agreement with Tuescher, Pecinovsky built a floating dock, shelves for a pole shed, and a large garden for Tuescher, dug post holes for and constructed a fence for Tuescher, and cleared land for Tuescher. Pecinovsky worked on these discrete projects that Tuescher assigned to him, aimed at renovating the property, and Pecinovsky tracked the time he spent completing those projects. Tuescher points to no facts in the record, and our review of the record reveals no facts, showing that Tuescher paid, or that Pecinovsky expected or received, compensation in exchange for Pecinovsky merely being available to work on the property or for generally maintaining the property.

¶18 Rather, the facts referenced above indicate that Tuescher sought Pecinovsky's labor not for its own sake but for the results that such labor would provide, *i.e.*, specific renovations to Tuescher's property. *See Sokolowski*, 294 Wis. 2d 274, ¶40 ("In evaluating the evidence, we draw all reasonable inferences from the evidence in the light most favorable to the non-moving party."). That is, based on the undisputed facts, Tuescher's contract with Pecinovsky was not to pay Pecinovsky for his labor regardless of any end product, but to pay Pecinovsky for specific and discrete end products of his labor: a new fence, a floating dock, shelves, a garden, and land that was cleared of fence posts, wires, and brush. *See*

*Saunders*, 85 Wis. 2d at 79 (the test for whether the two-year statute of limitation applies "goes not to the purpose of the contract but to the object of the compensation").

¶19    On appeal, Tuescher does not cite to any evidence in the record that Pecinovsky was paid for hours that he worked other than on projects that she assigned to him.  Rather, she argues that her agreement with Pecinovsky was not for the end products of his labor because his compensation was not "contingent on the completion of any project with which he was involved."  Tuescher argues that, therefore, this case is unlike *Rupp*, 81 Wis. 2d 436, in which our supreme court concluded that the two-year statute of limitations did not apply, because, according to Tuescher, "the plaintiff [in *Rupp*] did not earn the payment until the project was complete."

¶20    This argument fails for at least the following two reasons.  As a matter of fact, Tuescher's assertion that "Pecinovsky's payment was earned, due and payable upon each hour … that Mr. Pecinovsky worked for Ms. Tuescher," is unsupported by references to the record.  *See State v. McMorris*, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322 (this court "may choose not to consider … arguments that lack proper citations to the record").  As a matter of law, *Rupp* does not support Tuescher's argument.  While the plaintiff in *Rupp* submitted a bill to the defendants after the work was completed, the court's conclusion that the two-year statute of limitations did not apply was based on the fact that "the purpose of the contract was to remodel the attic into an apartment," which indicated that the defendants purchased "the end product of human labor … and not the human labor alone."  *Rupp*, 81 Wis. 2d at 441.  The court did not mention whether or not the defendants conditioned payment for the plaintiff's services on the project's completion, and the court neither referenced nor relied on the parties'

terms of payment when deciding that the two-year statute of limitations did not apply. *Id.* Rather, the court focused on the purpose of the agreement. *Id.* As the agreement in *Rupp* was to remodel the attic by building an apartment, so the purpose of Pecinovsky's and Tuescher's agreement was to renovate Tuescher's property by completing specific projects.

¶21 Tuescher also points to the following statement in *Saunders*: "An independent contractor who is paid by the hour …, as opposed to being paid on the basis of results obtained by that labor, would have to bring his claim within the two-year limit of the statute, absent some extraordinary consideration." *Saunders*, 85 Wis. 2d at 79. However, this statement in *Saunders* was made in response to the defendant's argument that the application of the "results" or "fruits of labor" test would exclude all independent contractors from the two-year statute of limitations. *Id.* at 76-79. The court noted that independent contractors who are paid for their labor alone would be covered by the statute, but that an independent contractor, like the self-employed carpenter in *Rupp*, was not covered by the statute "because the end product purchased by the compensation was a remodeled attic, not labor alone." *Saunders*, 85 Wis. 2d at 78 (citing *Rupp*, 81 Wis. 2d at 441). As in *Rupp*, here "the end product[s] purchased by the compensation" were the projects that Pecinovsky completed, not his labor alone. *See Saunders*, 85 Wis. 2d at 78.

¶22 Tuescher's proposed reading of *Saunders* as including all hourly labor—whether contracted for the achievement of some end product or for the labor itself—within the two-year statute of limitations set forth in WIS. STAT. § 893.44, would greatly expand the scope of that statute, an outcome that *Saunders* specifically rejected. *See Saunders*, 85 Wis. 2d at 73 (It is "the policy of this court to construe statutes of limitations narrowly and to bar only causes of

action that clearly fall within the statute's ambit."). Contrary to Tuescher's proposed reading, the court in **Saunders** expressly limited the scope of the statute, stating, "We hold that the phrase, 'other compensation for personal services,' applies only when compensation is offered or promised for the labor itself, as opposed to the results or fruit of the labor." **Id.** As we have explained, it is undisputed that the object of the compensation in this case was to pay for Pecinovsky's completion of projects to improve Tuescher's property, not to pay for Pecinovsky's labor apart from its end products.

¶23 Tuescher also points to language in **Vodnik** that "if a claim or contract covers both personal services and other items and they cannot be separated and the total compensation allocated, the entire contract or claim … is outside the two-year statute." **Vodnik**, 35 Wis. 2d at 749-50. Citing this language, Tuescher argues that WIS. STAT. § 893.44 must apply to Pecinovsky's claim because his claim "is not one for both labor and materials." However, we have concluded that the undisputed facts establish that Pecinovsky's claim for compensation is not for personal services at all, and our conclusion that his claim does not fall under § 893.44 rests on that independent reason. Thus, we need not address whether his claim does or does not "cover[] both personal services and other items … [that] cannot be separated." *See* **Vodnik**, 35 Wis. 2d at 749-50.

## CONCLUSION

¶24 For the reasons stated, we conclude that Tuescher is not entitled to summary judgment dismissing Pecinovsky's claims because the undisputed facts establish that, as a matter of law, the contract was not for "personal services" within the meaning of the two-year statute of limitations. Accordingly, we reverse and remand.

*By the Court.*—Order reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.